This is a child support case.
The parties in this case were divorced on July 17, 1984 in Pennsylvania. According to the decree, the father was ordered to pay $450 per month for support of the parties' three children.
At the time of the divorce, the parties lived on a military base in Pennsylvania. Eleven days following the divorce, the mother remarried to another member of the armed forces, and moved to a military base in Huntsville, Alabama. Prior to this time neither party had ever claimed Alabama as a domicile.
On March 18, 1985 the mother filed a petition in the Circuit Court of Madison County, Alabama, seeking modification of the child support provision of the Pennsylvania decree.
In response to the petition the father filed a motion to dismiss, alleging that the court lacked in personam jurisdiction over him. This motion was denied. The father then answered the petition, again alleging that the court lacked jurisdiction over him, and that there existed no material change of circumstances justifying an increase in child support payments.
After hearing the evidence ore tenus, the court ordered an increase in the child support payments. The order stated that the child support previously awarded was "grossly inadequate." It made no specific findings regarding either the personal jurisdiction issue or the change of circumstances issue.
On October 7, 1985 the father filed a posttrial motion seeking an amendment of the findings or a vacation of the judgment. In this motion the father once again contended that the court lacked jurisdiction over him and that there was no material change of circumstances justifying the increased support. Without additional findings, the court denied the father's motion. The father thus appeals.
The father argues that an award of child support is a personal judgment against him and requires that the court have personal jurisdiction over him. He states that he has never been a resident of Alabama and that, furthermore, he has no minimum contacts with Alabama. He also states that it is undisputed that he is current with his child support obligations. Thus, he argues that the trial court committed reversible error by assuming in personam jurisdiction over him in order to modify the child support provision.
The mother contends that the Alabama court's interest in protecting the welfare of the minor children provided the necessary minimum contacts to extend jurisdiction over the father. She also states that she is entitled to bring suit in Alabama because the original divorce decree provides that the order may be modified by any court of competent jurisdiction. Because neither of the parties now resides in Pennsylvania, she argues that the Alabama court is the most appropriate and convenient forum.
The law in Alabama does allow the courts to modify child support provisions in a sister state's divorce decree with respect to future installments. In order to do so, however, the court must first obtain proper jurisdiction over the parties.Murphy v. Murphy, 395 So.2d 1047 (Ala.Civ.App. 1981). Since it is undisputed in the present case that the father was and is a nonresident of Alabama, we must look to Alabama's "long-arm" jurisdiction to determine whether personal jurisdiction exists over him. See, Alabama Rules of Civil Procedure, Rule 4.2 (a)(2)(A)-(I). *Page 8 
According to our rules of procedure, an Alabama court can assert jurisdiction over a nonresident individual when that individual has some "minimum contacts" with Alabama sufficient to subject him to suit in this state. See, Lightell v.Lightell, 394 So.2d 41 (Ala.Civ.App. 1981). In child support modification cases, where a state seeks to acquire personal jurisdiction over a nonresident through a "minimum contacts" argument, an essential criterion is whether, considering the nature and quality of the nonresident's activities, a court of that state is a "fair forum." Kulko v. Superior Court,436 U.S. 84, 98 S.Ct. 1690, 56 L.Ed.2d 132 (1978). It is thus apparent that the unilateral activity of one's claiming some relationship with the nonresident individual cannot satisfy the requirement of sufficient contact with the forum state. See,Hanson v. Denckla, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283
(1958).
In the present case the father has never been a resident of Alabama, nor has he ever conducted business here. At the time of the rendition of the divorce decree he was a resident of Pennsylvania. Thereafter, he moved to Idaho, then subsequently to South Carolina, and currently he resides in Maryland.
The father's only contact with Alabama is the fact that his children reside here with their mother. While this fact alone would undoubtedly be important in a support enforcement proceeding, it is not enough to require this father, who has no additional contact with Alabama, to defend a support modification proceeding here.
As noted above, it is undisputed that this father was current in his support payments. Thus, we note that neither the Uniform Child Custody Jurisdiction Act nor the federal Parental Kidnapping Prevention Act has any direct application to this case. In general, these acts deal with issues of child custody enforcement and not with issues of child support. See, Brown v.Brown, 476 So.2d 114 (Ala.Civ.App. 1985).
We conclude that the trial court was without in personam jurisdiction in this case, and its judgment is reversed. The cause is remanded for entry of judgment consistent with this opinion.
REVERSED AND REMANDED WITH DIRECTIONS.
WRIGHT, P.J., and HOLMES, J., concur.