539 So.2d 306 (1988)
Stanley MINKOFF
v.
Eileen B. ABRAMS.
Civ. 6532.
Court of Civil Appeals of Alabama.
December 21, 1988.
Rehearing Denied January 25, 1989.
Thomas A. Deas, Mobile, for appellant.
Nathan P. Friedlander of Friedlander & Dunning, Mobile, for appellee.
EDWARD N. SCRUGGS, Retired Circuit Judge.
This is a child support case.
The mother filed a motion in the Circuit Court of Mobile County, Alabama on February 11, 1988 whereby she sought to place the father in contempt of court for his failure to pay child support as was required by a Florida divorce judgment. She further requested that the Florida judgment be modified by increasing the father's child support obligations. The father was served by certified mail and, on March 14, 1988, he filed the following pro se answer: "I deny any motions set forth by Eileen Abrams allegations." An attorney entered an appearance for the father on March 15, 1988 by a letter addressed to the register which advised that he would represent the father in the cause. On April 12, 1988 the father's attorney filed a motion to dismiss, one of the grounds thereof being that the father was and is a nonresident of Alabama and that the trial court is without in personam jurisdiction in the case. The father's testimony as to the motion to dismiss was taken ore tenus before the trial court on the date of the trial. The trial court overruled that motion and the father then filed an answer which also raised the question of in personam jurisdiction. Additional evidence was heard on the merits of the case and the trial court rendered a final judgment which enforced and modified the *307 Florida judgment. The father timely appealed.
The dispositive issue before us is whether the trial court had personal jurisdiction over the father as to those proceedings.
The wife contends that the husband waived the defense of lack of personal jurisdiction by filing his March 14, 1988 answer without including that defense therein.
A motion raising the defense of a lack of in personam jurisdiction shall be made before the filing of a responsive pleading if a further pleading is permitted. Rule 12(b), Alabama Rules of Civil Procedure. Since an answer is permitted in cases of this nature and since the father's motion was filed after he had filed his pro se answer, the motion raising that defense was improperly filed.
"Therefore, any defense in law or in fact available to a party at the time he serves his responsive pleading should be asserted. But the policy of compelling the assertion of defenses by responsive pleading is not absolute. The liberal amendment policies under Rule 15 allow a party to add defenses to his responsive pleading that have been overlooked by mistake or neglect or that have become available to him after he has served his pleading, provided that the amendment does not prejudice the opposing party."
5 C. Wright & A. Miller, Federal Practice and Procedure § 1348, at 538 (1969).
It is reasonable to consider the answer as filed by the father's attorney to be an amendment of the answer which the father first filed pro se. It is not apparent that the wife suffered any prejudice by the amended answer. We now proceed to a determination of the merits of the matter.
Only the father testified to the issue and his evidence is not controverted.
The parties were married in 1970 in Mobile, Alabama. It is not clear where they resided for the first two or three years; however, they lived in Mobile, Alabama for three years prior to the family's moving to Pensacola, Florida in 1976. One of their two children was born while they resided in Mobile and their younger child was born in Pensacola. They lived together in Pensacola for about five years until around the time of their divorce which was granted by the Florida court in Pensacola on March 13, 1981. The mother and the two children moved to Mobile shortly after the divorce and the father moved to Georgia. While he was a resident of Georgia, he had the following contacts with the children in Alabama: He came to Mobile where he stayed for four days and, thereafter, he came to Alabama on three other occasions and picked up the children. Those were the only instances he ever visited with or picked up the children in Alabama. The rest of his child visitations occurred when he would meet someone with the children in Chipley, Florida, where he would pick up and take the children with him from there. He presently resides in Jacksonville, Florida, which is four hundred and twenty miles from Mobile.
The fact that the parties lived in their marital relationship for three years in Alabama but left this state twelve years before the institution of the present proceedings is not sufficient to confer in personam jurisdiction upon an Alabama court over the nonresident father under Rule 4.2(a)(2)(H) of the Alabama Rules of Civil Procedure. Corcoran v. Corcoran, 353 So. 2d 805, 809 (Ala.Civ.App.1978).
When the Florida divorce was rendered in March 1981, both parties and the children were domiciled in Florida. The mother and two children moved to Mobile shortly after the divorce, and, apparently, have resided there since that time. The fact that the children and the mother now live in Alabama is not enough to confer in personam jurisdiction over the nonresident father so as to authorize the Alabama court to enforce and modify the Florida judgment. Burrill v. Sturm, 490 So.2d 6 (Ala.Civ.App.1986).
In order to confer personal jurisdiction over a nonresident individual, that nonresident must have had contacts with Alabama which were sufficient to make it reasonable and just for an action to be maintained against the nonresident in this state. International *308 Shoe Co. v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). In Hanson v. Denckla, 357 U.S. 235, 78 S.Ct. 1228, 1239, 2 L.Ed.2d 1283 (1958), the minimum contacts rule was further explained as follows:
"The unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum State. The application of that rule will vary with the quality and nature of the defendant's activity, but it is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws. International Shoe Co. v. State of Washington, 326 U.S. [310] 319, 66 S.Ct. 154, 159, 90 L.Ed. 95."
Here, we do not find that the minimum contacts test has been met to the extent that the Mobile Circuit Court had personal jurisdiction over the father.
In Wells v. Wells, 533 So.2d 606 (Ala.Civ. App.1987), cert. quashed, 533 So.2d 608 (Ala.1988), it was determined that the necessary minimum contacts had been made in Alabama so as to confer child support in personam jurisdiction upon an Alabama court over a nonresident father. The facts in the instant case differ materially from Wells: Here, the wife and children moved to Alabama after the divorce of the parents and nothing in the Florida divorce judgment requires the payment of private school expenses of the children in Mobile or otherwise indicates that it was anticipated or planned by the parties, or either of them, that the wife and children would move to Alabama. In Wells the wife and children resided in Alabama during the parties' separation prior to the divorce and the foreign divorce judgment specifically provided that the husband would be responsible for the private school expenses of the children in Mobile. In both cases the father came to Mobile occasionally and saw or picked up the children for a visit.
"[T]he International Shoe `minimum contacts' test is not susceptible to mechanical application; rather, the facts of each case must be weighed to determine whether the requisite `affiliating circumstances' are present." Kulko v. California Superior Court, 436 U.S. 84, 98 S.Ct. 1690, 1697, 56 L.Ed.2d 132 (1978) (citation omitted).
We see no conflict between Wells and the present decision. The requisite contacts existed in Wells while they were not present in the case sub judice.
The undisputed facts as contained in the record of this case did not confer in personam jurisdiction over the father. Therefore, this matter must be reversed and remanded to the learned trial court where these proceedings shall be dismissed for want of personal jurisdiction over the nonresident father defendant.
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of section 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
REVERSED AND REMANDED WITH DIRECTIONS.
BRADLEY, P.J., and INGRAM, J., concur.
HOLMES, J., dissents.
HOLMES, Judge (dissenting).
I respectfully dissent. In my view, the majority opinion represents a departure from our prior holding in Wells v. Wells, 533 So.2d 606 (Ala.Civ.App.1987), cert. quashed, 533 So.2d 608 (Ala.1988). Since "[d]etermining the full reach of jurisdiction necessitates weighing the facts of each case and precludes the use of `clear-cut jurisdictional rules,'" MacKinnon v. St. Louis Southwestern Railway Co., 518 So. 2d 89, 91 (Ala.1987), quoting Burger King Corp. v. Rudzewicz, 471 U.S. 462, 486 at n. 29, 105 S.Ct. 2174, 2189 at n. 29, 85 L.Ed.2d 528 (1985), it is essential that the facts and circumstances of each case are scrutinized.
In Wells the facts indicate that the husband and wife were married in Texas, subsequently *309 resided in Alabama, and upon separation the wife moved to Mobile, Alabama, with the parties' two minor children. Three years later the husband obtained a divorce in Nevada, which granted custody to the wife and required the husband to pay the children's expenses of attending private school in Mobile, Alabama. After their divorce the husband occasionally visited the children and stayed at his former wife's home in Alabama. In 1985, upon petition to the Mobile County Circuit Court, the husband was found in contempt for failure to pay the private school expenses and ordered to increase his support obligation.
The husband appealed to this court, arguing that the Mobile County Circuit Court lacked in personam jurisdiction to entertain the wife's petition. This court affirmed, stating that the parties' residence in Alabama while married, the divorce decree's requirement that the husband pay the children's private school expenses "in Mobile, Alabama," plus his visitation with the children in Alabama were sufficient contacts to confer in personam jurisdiction.
The husband petitioned the Alabama Supreme Court for a writ of certiorari. In a five to four decision, a majority of the supreme court quashed the writ as improvidently granted. Justice Maddox, in a lengthy dissent which relied upon Kulko v. California Superior Court, 436 U.S. 84, 98 S.Ct. 1690, 56 L.Ed.2d 132 (1978), stated that the Mobile County Circuit Court lacked in personam jurisdiction over the husband because there were insufficient contacts between the forum state, Alabama, and the husband, a non-Alabama domiciliary.
My dissent is based upon the factual similarities that exist between our holding in Wells and the case presently before this court. Here, the husband and wife were married in Alabama; they resided in Alabama for three years while married; one of their children was born in Alabama; since their Florida divorce the wife and two children have been domiciled in Alabama, and the husband has visited the children in Alabama once for four days and on three occasions has driven to Alabama to pick up and take the children to Florida for visits.
These facts, when compared to those evident in Wells, dictate that the Mobile County Circuit Court had and properly exercised in personam jurisdiction over the husband.
The majority seeks to distinguish Wells on the grounds that in Wells the wife and children moved to Alabama "during the parties' separation prior to the divorce" and that under the Nevada divorce decree the husband was required to pay the expenses of private school for the children in Mobile, Alabama. In my view, these distinctions do not militate against the exercise of in personam jurisdiction over the husband here, but I would only note that the husband here had more "contact" with the state of Alabama than the husband in Wells. Furthermore, as Justice Maddox noted in his dissent, the requirement in Wells that the husband pay the children's private school expenses was not limited to those expenses incurred in "Mobile, Alabama"; rather the Wellses' divorce decree specifically contemplated that the wife and children may not always live in Alabama and required that the parties negotiate over the necessity of private school in the event the wife and children live in a city other than "Mobile, Alabama."
Last, I would note that the majority does not in detail address the issue of whether the husband, by filing an "answer" without asserting the lack of in personam jurisdiction, should be deemed to have waived the defense. It is quite unclear what effect, if any, this "pleading," submitted by the husband pro se, had upon this issue.
The issue is whether the husband's first "pleading" constitutes a waiver of the jurisdictional question under Rule 12, Alabama Rules of Civil Procedure, or whether Rule 15, A.R.Civ.P., would allow the husband to amend his "pleading." In this instance I would not find a waiver since it is unclear what the first pro se "pleading" entails. I would note further that this issue is presently under consideration by the supreme court.
*310 Because of the foregoing, I must respectfully dissent.