On August 8, 1987, Gator Leasing, Inc., filed an action against Leland Creel, alleging that Creel owed Gator Leasing $7,126.58 on a promissory note. Gator Leasing served Creel by certified mail at an address in Gulfport, Mississippi. The certified letter was delivered on August 24, and Creel, pro se, filed the following "Answer to Complaint" on September 14, 1987:
 "Now comes Leland Creel and files this his Answer to the Complaint filed against him and would show unto the Court:
 "1. The Defendant denies each and every averment of the Complaint.
 "2. A copy of the referred to note was not attached to the summons received by the Defendant but the Defendant believes that the note was a note executed by Leland Creel and Associates, a Mississippi Corporation and not by the Defendant individually.
 "3. The note was executed in Harrison County, Mississippi, and not in Mobile County, Alabama. Therefore the Circuit Court of Mobile County, Alabama, does not have jurisdiction of this cause of action, the proper jurisdiction being in Harrison County, Mississippi, the home of the Defendant and the place of execution by the Maker of the Note.
 "WHEREFORE, the Defendant prays that the Complaint be dismissed at the cost of the Plaintiff."
The case action summary sheet reflects "motion denied" on September 28, 1987.
Gator Leasing filed an amended complaint on March 7, 1988. The trial court notified Creel that the case was set for trial on April 7. On April 6, Creel filed a motion for continuance and a document styled "Defendant's Special Appearance and Answer to Amended Complaint with Affirmative Defenses and Motion to Dismiss." On April 7, Creel did not appear in court, and the court denied his motion to dismiss, denied his motion for continuance, and entered the following judgment: "Judgment by Court by default for plaintiff and against the defendant, for the sum of $10,752.68, and costs of Court. (Defendant failing to appear.)"
On April 22, Creel, appearing for the first time through an attorney, filed a motion to set aside the default judgment. The court denied that motion on May 13, and Creel filed this appeal.
"It is well established that if the defendant is properly within the jurisdiction of the court, and if he has notice of the trial date and does not appear and defend, the court has no choice but to enter judgment for the plaintiff." Roberts v.Wettlin, 431 So.2d 524, 526 (Ala. 1983) (citations omitted); see also Knight v. Davis, 356 So.2d 156 (Ala. 1978). This statement of the law starts, of course, with the premise that the court has jurisdiction over the defendant.
Prior to the adoption of the Rules of Civil Procedure, the law was that a general appearance waived the right to make a special appearance to contest jurisdiction over the person.Ex parte ACK Radio Supply *Page 938 Co. of Georgia, 283 Ala. 630, 219 So.2d 880 (1969); W.S. FowlerRental Equip. Co. v. Skipper, 276 Ala. 593, 165 So.2d 375
(1963).
The present law on the subject stems from the Alabama Rules of Civil Procedure. Rule 12(b) reads, in pertinent part:
 "Every defense . . . to a claim for relief in any pleading . . . shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: . . . (2) lack of jurisdiction over the person. . . . A motion making any of these defenses shall be made before pleading if a further pleading is permitted. No defense or objection is waived by being joined with other defenses or objections in a responsive pleading or motion."
Rule 12(h) provides for "Waiver or preservation of certain defenses":
 "(1) A defense of lack of jurisdiction over the person, improper venue, insufficiency of process, or insufficiency of service of process is waived (A) if omitted from a motion in the circumstances described in subdivision (g) [omission of a defense then available from a motion raising other defenses], or (B) if it is neither made by motion under this rule nor included in a responsive pleading or an amendment thereof permitted by Rule 15(a) to be made as a matter of course."
Thus, a defense of lack of jurisdiction over the person may be made in a motion or answer raising other defenses that formerly would have constituted a general appearance.
Although not phrased in precise language, Creel's first "answer to the complaint" effectively raised a claim of lack of jurisdiction over the person. It stated that Creel was a resident of Mississippi and that the note was executed in Mississippi. Creel's "special appearance and answer to amended complaint" enlarged upon these allegations, alleging, for example, that "this court lacks jurisdiction over the person of Leland Creel" and that "[t]he minimal contacts with the State of Alabama are insufficient to make this Defendant amenable to process or jurisdiction of this court."
This was sufficient to raise a defense of lack of jurisdiction over the person, and nothing in the complaint, the amended complaint, or anything else submitted by Gator Leasing gives any indication of where the transaction at issue took place or of any other basis for subjecting Creel to the jurisdiction of the court. Therefore, on the face of the record before us, it was error for the court to grant a default judgment for Gator Leasing.
This Court enunciated the standard for ruling on a motion to set aside a default judgment, in Kirtland v. Fort Morgan Auth.Sewer Serv., Inc., 524 So.2d 600, 605 (Ala. 1988):
 "We, therefore, emphatically hold that a trial court, in determining whether to grant or to deny a motion to set aside a default judgment, should exercise its broad discretionary powers with liberality and should balance the equities of the case with a strong bias toward allowing the defendant to have his day in court.
 "Second, in addition to this underlying presumption, we have established guidelines to assist a trial judge in exercising his discretion — specifically, by requiring the defaulting party to show 1) the existence of a meritorious defense and 2) an absence of willful conduct. . . .
 ". . . To alleviate the difficulty involved in deciding Rule 55(c) motions and to ensure that justice will be served, clear guidelines need to be established and then implemented by trial courts. Thus, we hold that a trial court's broad discretionary authority under Rule 55(c) should not be exercised without considering the following three factors: 1) whether the defendant has a meritorious defense; 2) whether the plaintiff will be unfairly prejudiced if the default judgment is set aside; and 3) whether the default judgment was a result of the defendant's own culpable conduct."
See also Jones v. Hydro-Wave of Alabama, Inc., 524 So.2d 610
(Ala. 1988). Kirtland and Jones were announced on April 1, 1988, and the trial court in the instant case denied the motion to set aside the default judgment on May 13, 1988. *Page 939 
Applying the three tests of Kirtland, we hold that it was an abuse of discretion to deny the motion to set aside the default judgment. As we have shown above, the defense of lack of jurisdiction over the person appears to be meritorious; Gator Leasing has shown no prejudice of the kind discussed inKirtland; and Creel's conduct, although initially unsuccessful in presenting his asserted defenses, was far from culpable. Therefore, the judgment is due to be, and it is hereby, reversed, and the cause is remanded.
REVERSED AND REMANDED.
HORNSBY, C.J., and MADDOX, ADAMS and STEAGALL, JJ., concur.