The mother filed a petition for rule nisi, alleging that the father was in arrears in child support and requesting that the trial court grant an increase in child support. After an ore tenus proceeding, the trial court ordered the father to pay child support pursuant to the Child Support Guidelines, Rule 32, Alabama Rules of Judicial Administration. The father appeals, contending that the trial court erred in increasing child support because, he claims, the trial court did not have jurisdiction to increase child support, paternity was not established in the Louisiana divorce decree, and a material change in circumstances was not shown by the mother. We affirm.
Initially we note that, after an ore tenus proceeding, the trial court's judgment is presumed correct and will be set aside only when it has been determined to be plainly and palpably wrong. Euler v. Euler, 515 So.2d 710 (Ala.Civ.App. 1987).
The record indicates that the parties were divorced in Louisiana on July 20, 1986. The mother was granted the custody of the two minor children, and the father, who continues to live in Louisiana, was given the right to visit with "his two minor children" and was ordered to pay child support of $100 per child per month.
On August 8, 1988, the parties filed a joint agreement in Baldwin County, Alabama, agreeing that visitation should be modified. On August 11, 1988, the trial court entered an order finding that it had jurisdiction of the parties and the subject matter and modifying the Louisiana decree as to visitation. Both documents referred to the children as the "minor children of the parties." The father did not appeal from this order.
The mother filed her petition for rule nisi in August 1989, and a hearing was held in March 1991. The father was represented by counsel, but did not appear for the hearing. The mother testified that there had been a change in circumstances. She stated that the children are older and that one of the children is now in high school. Clothes and medical bills are more expensive, and the children have more activities in which they want to take part.
The father claims that the trial court did not have jurisdiction to increase child support because the divorce decree was entered in Louisiana; therefore, he claims, the trial court did not have the right to modify the Louisiana child support order.
Alabama law allows the courts to modify future installments of child support provisions in a sister state's divorce decree when the court has first obtained proper jurisdiction over the parties. Burrill v. Sturm, 490 So.2d 6 (Ala.Civ.App. 1986). Personal jurisdiction over a nonresident individual *Page 53 
is conferred when the nonresident has had sufficient contacts with Alabama to make it reasonable and just for an action to be maintained in this state against the nonresident. Minkoff v.Abrams, 539 So.2d 306 (Ala.Civ.App. 1988). It is essential that there be some act by which the nonresident avails himself or herself of the privilege of conducting activities within the forum state. Id.
In the present case the father filed a joint agreement with the mother in the trial court in 1988. The trial court stated in its subsequent order that it had jurisdiction of the parties and the subject matter and modified visitation, as requested by the parties. The father did not appeal from this order. We hold that the contacts were sufficient and that the trial court obtained personal jurisdiction over the father.
The father also claims that the court erred in finding that the Louisiana decree established paternity, when the testimony of the mother before the trial court was that the children were not his natural children.
The mother responds that the issue of paternity is res judicata because the divorce decree states that the children are the father's children and because the father has judicially acknowledged the two children as his by claiming them on tax returns, paying child support, exercising visitation and allowing the children to use his name.
Where a divorce decree is based on the agreement of the parties, in which it is stipulated that the mother is to have custody of the minor child of the marriage, the question of paternity is res judicata as to these parties. Collier v. Stateex rel. Kirk, 454 So.2d 1020 (Ala.Civ.App. 1984). In addition, phrases such as minor child of the parties in a divorce decree constitute a finding that a party is the parent of the child. Id. See also Spindlow v. Spindlow, 512 So.2d 918
(Ala.Civ.App. 1987).
In the present case the Louisiana divorce decree referred to the children as "his two minor children," and the 1988 agreement between the parties and the trial court's order modifying visitation referred to the children as "his two minor children" and "the minor children of the parties" respectively. Therefore, based on the above, we hold that the issue of paternity is res judicata.
Finally, the father claims that the evidence was not sufficient to show a change of circumstances. However, we hold that the evidence presented was sufficient to show a change of circumstances and that the judgment of the trial court is not plainly and palpably wrong.
This case is due to be affirmed.
The mother requests an attorney's fee for representation on appeal, which is granted in the amount of $400.
AFFIRMED.
ROBERTSON, P.J., and THIGPEN, J., concur.