Heddy and Ronald Hubbard were married in Catoosa County, Georgia, in 1980. The wife was pregnant by another man at the time of the marriage. A child was born in 1981. The husband did not adopt the child. The parties were divorced in Cobb County, Georgia, in December 1989. The divorce decree did not confer any obligation for the child on the husband.
Prior to the divorce the parties temporarily resided in Alabama. They separated in Alabama. The husband returned to Georgia and obtained the divorce in December 1989. The wife and the child continued to reside in Alabama. The wife applied for and received *Page 816 
Aid to Families with Dependent Children (AFDC) from February 1990 through May 1990 and from January 1991 through July 1991.
In June 1991 the State of Alabama, on behalf of the wife, filed a petition for support against the husband in the Circuit Court of Cleburne County, Alabama. The petition sought reimbursement to the state for the public assistance paid and requested an order for current child support.
Following oral proceedings, the trial court determined that it had personal jurisdiction over the husband, denied the wife's request for continuing child support, but granted the state's claim for reimbursement of the AFDC funds.
The husband appeals and asserts that the trial court erred in determining that it had personal jurisdiction over him. The wife asserts that the husband waived his jurisdiction defense by failing to assert it in a proper procedural manner. She insists that the defense was not timely filed and was not sufficiently pleaded. Alternatively, she asserts that Alabama had personal jurisdiction over the husband because of his "sufficient contacts" with the state.
The husband was served by certified mail in Georgia on June 18, 1991. On June 27, 1991, he filed an answer containing the following pertinent defenses:
 "THIRD DEFENSE: The defendant has not in law or in fact done any act or omitted to do any act which would make him liable to the plaintiff and, on account thereof, this Court lacks jurisdiction over the person of the defendant.
 "FOURTH DEFENSE: For the reasons set out in the defendant's Third Defense, venue for this action or any claims alleged against this defendant does not properly lie in this Court.
 "FIFTH DEFENSE: Without in any manner limiting or waiving any of the defenses previously or hereinafter raised, the defendant answers the numbered paragraphs of the Petition as follows:"
The personal jurisdiction issue was argued before the trial court on the date of the trial. The trial court reserved ruling on the issue and heard testimony on the merits of the case. The court ultimately determined that it had personal jurisdiction over the husband.
We do not find a waiver of the jurisdiction defense. The defense of lack of jurisdiction over the person may be made in a motion filed prior to a responsive pleading or in the answer. Creel v. Gator Leasing, Inc., 544 So.2d 936 (Ala. 1989). The jurisdiction defense, while not expressed in precise terms, was sufficiently raised by the husband's answer. The answer was sufficient to put the wife on notice of the husband's intent to attack the in personam jurisdiction of the court. Furthermore, the husband did not waive the jurisdiction defense by submitting to blood tests. As noted in the Committee Comments to Rule 12, A.R.Civ.P., "[n]either the filing of a general appearance, nor the taking of a position looking to the merits, prevents a party from attacking the jurisdiction of the court."
We now determine the merits of the jurisdiction argument. The dispositive issue is whether the husband's contacts with this state were sufficient to confer in personam jurisdiction upon the trial court under Rule 4.2(a)(2)(H), A.R.Civ.P. That rule provides the following:
 "(2) Sufficient Contacts. A person has sufficient contacts with the state when that person, acting directly or by agent, is or may be legally responsible as a consequence of that person's:
". . . .
 "(H) Living in the marital relationship within this state, notwithstanding subsequent departure from this state, as to all obligations arising from alimony, custody, child support, or property settlement, if the other party to the marital relationship continues to reside in this state. . . ."
In its final order, the trial court found that the husband did have "sufficient contacts," and made the following disposition of the jurisdiction issue:
 "1. The parties are properly before the Court in that they were married on December 16, 1980, in the State of Georgia, during Plaintiff's pregnancy by another man, but lived as man and wife in the *Page 817 
State of Alabama before and after said child was born on June 17, 1981, in Anniston, Calhoun County, Alabama."
The record reflects that the parties were married for approximately nine years. The parties lived in Georgia the majority of the marriage. They resided in Alabama sporadically for a period of time, totalling six and one-half months. The parties were married and divorced in Georgia. The parties stipulated that the husband was not the father of the child. The husband was not bound by any legal instrument to support the child. The record is sketchy as to whether the husband has had any contact with the wife and the child or with this state since the divorce.
In Corcoran v. Corcoran, 353 So.2d 805 (Ala.Civ.App. 1978), this court, interpreting Rule 4.2(a)(2)(H), determined that the mere fact of having once lived in the marital relationship in this state was not sufficient to confer jurisdiction of a nonresident upon a court of this state. In Burrill v. Sturm,490 So.2d 6 (Ala.Civ.App. 1986), we reiterated that the unilateral activity of those who claim some relationship with the nonresident cannot satisfy the requirement of a Rule 4.2(a)(2)(H) sufficient contact.
The husband's only contact with this state was that his ex-wife and her child lived here and that he resided here for six and one-half months during the parties' nine-year marriage. Such contact is insufficient to require the husband to defend himself in an Alabama court. Minkoff v. Abrams,539 So.2d 306 (Ala.Civ.App. 1988); Burrill; Corcoran.
We do not decide the issue of whether the former husband could be found to be liable for support of a child not his own and from whose mother he was divorced prior to the furnishing of AFDC.
The judgment of the trial court is reversed and the case remanded for the court to dismiss the proceedings for lack of personal jurisdiction over the nonresident husband.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
REVERSED AND REMANDED WITH INSTRUCTIONS.
All the Judges concur.