764 So.2d 562 (1999)
D.L.C.
v.
C.A.H.
2980666.
Court of Civil Appeals of Alabama.
July 16, 1999.
Rehearing Denied September 10, 1999.
Certiorari Denied February 18, 2000.
William D. Owings, Centreville, for appellant.
Thomas W. Powe, Jr., of Ray, Oliver & Ward, L.L.C., Tuscaloosa, for appellee.
Alabama Supreme Court 1982256.
CRAWLEY, Judge.
D.L.C. ("the father") and C.A.H. ("the mother") are the parents of C.L.C., a four-year-old boy. The father appeals from a judgment granting the mother's petition to *563 terminate the father's parental rights as to C.L.C. We reverse.
In 1991, D.L.C. and C.A.H. began living together in Magnolia, Texas. They never married. On November 9, 1994, C.A.H. gave birth to C.L.C. in Texas. Eight days later, she left Texas and came to Bibb County, Alabama. Less than three months later, the father, who had been on parole from a Texas prison at the time of the child's birth, had his parole revoked and was returned to a Texas prison.
On March 28, 1997, the mother filed a petition in the Bibb Juvenile Court to terminate the father's parental rights and to change the child's surname. On April 7, the father, who was still incarcerated in Texas, was served with the petition by certified mail. The father sought assistance from a lawyer in the Legal Services Division of the Texas Department of Criminal Justice. Louis A. Gimbert, a staff attorney with the office of the Texas State Counsel for Offenders, responded to the father's inquiry, by a letter dated April 16, 1997, that states, in pertinent part:
"This letter is in response to your request for assistance. I spoke with Lynn Leach, with the Juvenile Court in Bibb County, regarding your case. [Bibb Juvenile] Judge [James M.] White told Ms. Leach that if you want to contest the termination, you need to file a general answer denying the allegations contained in the Petition and demanding strict proof thereof. You should also request that Judge White appoint you an attorney.
"If you fail to respond by May 7, 1997, you may be defaulted. You need to send a copy of your answer to your wife's attorney and the clerk of the court....
"Unfortunately, I was not able to draft your answer because I am not licensed to practice law in the State of Alabama."
On April 30, the juvenile court received and filed the following pro se document from the father:
"To Whom It May Concern
"I would like to inform all parties concerned that I contest the termination of parental rights and for change of name. I would also like this to be filed as a general denial [of] the allegations contained in the petition. I would also request [that] Judge White appoint me an attorney as I am indigent and [too] poor to hire one."
The next day, the juvenile judge appointed attorney William D. Owings to represent the father. On June 6, Owings filed a motion to dismiss the petition, pursuant to Rule 12(b)(2), Ala. R. Civ. P., alleging that the court lacked in personam jurisdiction over the father. Owings filed two affidavits from the father and the letter from Louis A. Gimbert in support of the motion. One affidavit states:
"My name is [D.L.C.] I am the father of [C.L.C.], the child named above, but I have never been married to [C.A.H.], the Petitioner herein. I have never at any time resided in the State of Alabama, either before the birth of [C.L.C.] or thereafter, and I am presently incarcerated in the State of Texas."
The other affidavit states:
"I received the attached letter from Louis A. Gimbert, Staff Attorney at Legal Services with the State Counsel for Offenders in Texas, a few days after April 16, 1997, the date on the letter. I am not learned in the law. I filed in the above case a general answer denying the allegations of the petition, as Mr. Gimbert stated that Judge James M. White had instructed me to do, and I also requested an attorney based on the recommendations in the letter. I did not know that I was, or might be, waiving some right by this action, and would not have filed the general denial had I so known. I did not know I could have filed a request for an attorney without a general denial."
*564 The juvenile court held oral argument on the father's motion. Relying on Rules 12(b) and 12(h), Ala. R. Civ. P., the mother argued that the father had waived his objection to the court's lack of personal jurisdiction by failing to raise the issue in his first responsive pleading. On July 1, Owings filed on behalf of the father a "Motion to Withdraw `General Denial.'" The juvenile court denied both of the father's motions, stating that it had in personam jurisdiction over the father. The court did not specify whether it concluded that the father had waived his jurisdictional argument or whether it rejected the father's jurisdictional argument on the merits.
It is well settled that when the trial court does not specify the grounds upon which it bases its judgment, an appellate court must affirm the judgment if there is any valid basis for it. Weaver v. Dan Jones Ford, Inc., 679 So.2d 1106 (Ala.Civ. App.1996). Therefore, we must determine whether there is a valid basis for holding that the father waived the argument as to the lack of personal jurisdiction or, if not, whether there is a valid basis for concluding that the Bibb Juvenile Court had personal jurisdiction over the father.
Based on the authority of Minkoff v. Abrams, 539 So.2d 306 (Ala.Civ.App. 1988), we conclude that there is no valid basis for holding that the father waived his jurisdictional argument. In Minkoff, a nonresident father filed a pro se answer to a mother's petition to modify a divorce judgment and to have the father held in contempt. The father later employed an attorney, who filed a motion to dismiss on the basis that the court had no personal jurisdiction over the father. The trial court entered an order modifying the out-of-state divorce judgment. Reversing the trial court's order, this court wrote:
"A motion raising the defense of a lack of in personam jurisdiction shall be made before the filing of a responsive pleading if a further pleading is permitted. Rule 12(b), Alabama Rules of Civil Procedure. Since an answer is permitted in cases of this nature and since the father's motion was filed after he had filed his pro se answer, the motion raising that defense was improperly filed.
"`Therefore, any defense in law or in fact available to a party at the time he serves his responsive pleading should be asserted. But the policy of compelling the assertion of defenses by responsive pleading is not absolute. The liberal amendment policies under Rule 15 allow a party to add defenses to his responsive pleading that have been overlooked by mistake or neglect or that have become available to him after he has served his pleading, provided that the amendment does not prejudice the opposing party.'
"5 C. Wright & A. Miller, Federal Practice and Procedure § 1348, at 538 (1969).
"It is reasonable to consider the answer as filed by the father's attorney to be an amendment of the answer which the father first filed pro se. It is not apparent that the wife suffered any prejudice by the amended answer."
539 So.2d at 307. In this present case, the justification for considering the motion to dismiss filed by the father's attorney as an amendment of the answer first filed by the father pro se is even more compelling than it was in Minkoff. The defendant in Minkoff was not indigent, was not entitled to an appointed attorney, and was not advised by the Alabama trial court to file a general denial.
Because we cannot affirm the trial court's judgment based on the waiver rationale, we must determine whether we can uphold the judgment on the merits. We must decide whether there is a valid basis for determining that the father had the minimum contacts with the state of Alabama that would authorize an Alabama court to exercise personal jurisdiction over him.
We answer that question in the negative. Rule 4.2(a)(2)(A)-(I), Ala. R. *565 Civ. P., states the contacts with this state that will provide the basis for in personam jurisdiction over a nonresident defendant. Subdivision (I) permits jurisdiction over a person who has such "minimum contacts" with this state as to make it fair and reasonable to require him to come here to defend an action. D.L.C., the father in this present case, has none of the contacts with this state recognized by Rule 4.2(a)(2) as sufficient to give Alabama courts in personam jurisdiction over him. The parties have never lived here together, the child was not born here, and the father has never resided here. See Sena v. Sena, 709 So.2d 48 (Ala.Civ.App.1998). The mother's unilateral action in moving to Alabama from Texas cannot satisfy the requirement that the father have certain "minimum contacts" with Alabama. See Lightell v. Lightell, 394 So.2d 41, 43 (Ala.Civ.App. 1981). The father has simply never done anything that would indicate that he has "purposely avail[ed] [himself] of the privilege of conducting activities" in Alabama. Hanson v. Denckla, 357 U.S. 235, 253, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958). The mother does not allege any contact that the father ever had with the state of Alabama; she argues only that the father waived any challenge to the jurisdiction of the court by filing a general denial. We reject that argument, on the authority of Minkoff, supra.
Because the father did not have the minimum contacts with this state necessary to subject him to the jurisdiction of the Bibb Juvenile Court, we reverse the judgment of the juvenile court.
REVERSED AND REMANDED.
ROBERTSON, P.J., and YATES, J., concur.
MONROE and THOMPSON, JJ., concur in the result.