YATES, Judge.
Kelley Ann Register (“the mother”) petitioned for an increase in the amount paid to her under a child-support order. The trial court dismissed her petition on its determination that it had no personal jurisdiction over David Paul McGloon (“the father”).
The parties were married in Evergreen, Alabama, in 1982. For the first two years of their marriage, they resided in Florida but returned to Alabama approximately every other weekend to visit the mother’s family. The parties then moved to Texas, where they divorced in 1990. The mother and children moved back to live with the mother’s family in Alabama during the final stages of the divorce. The father now lives in Virginia; he says he has never resided in Alabama. The mother and children live in Alabama. The father has been in Alabama at least once every year since the parties divorced. He has vacationed in Alabama and, while exercising his visitation privilege, he would often stay at the mother’s house. Aso, after the divorce, the father stayed at the vacation home of the mother’s family, where he and the mother engaged in sexual relations.
Aabama law allows a court to modify a child-support award contained in a divorce judgment entered in another state, but in order to do so the court must have proper jurisdiction of the parties. Burrill v. Sturm, 490 So.2d 6 (Aa.Civ.App.1986). Because the father does not reside in Aabama, we must decide if, under the Due Process Clause of the Fourteenth Amendment to the United States Constitution, this state has a basis for exercising in *489 personam jurisdiction over the father.[1] That is, we must decide if the father has sufficient contacts with Alabama to make it reasonable and fair to require him to defend the child-support-modification petition in Alabama.
The United States Supreme Court has expressly considered the question of the adequacy of contacts with the forum state to warrant an exercise of long-arm jurisdiction over a noncustodial, nonresident parent from whom support is sought. In Kulko v. Superior Court of California, 436 U.S. 84, 98 S.Ct. 1690, 56 L.Ed.2d 132 (1978), the parties, both of whom resided in New York, decided to marry while the father was in the military service. The marriage took place in California during a three-day stopover, while the father was on his way from a military assignment in Texas to a tour of duty in Korea. The mother returned to New York, where she was joined by the father after his military service ended. The parties’ two children were born in New York, where the family lived for several years until the mother moved to California. The parties were divorced in a Haitian divorce proceeding; the judgment incorporated an agreement that the father would be the custodial parent and that the children would visit the mother in California during holidays and summers. Eventually, both children decided to live with the mother in California and the father paid for their one-way transportation from New York to California. The mother then sued the father, seeking support for the children. The father was served with notice of the lawsuit in New York by substituted service.
The Supreme Court in Kulko made it clear that California did not base its claim of jurisdiction on the fact that the marriage had occurred in California; on the father’s “glancing presence” in California during his military service; or on the father’s agreement to extended visits by the children with their mother in California. 436 U.S. at 92, 98 S.Ct. 1690. Instead, California asserted personal jurisdiction over the father based on his sending the children to California to live with their mother and thereby relieving himself of the financial obligation for their support and purposefully availing himself of the benefit and protection of California law. The Supreme Court held that the requirements of due process will not be met where the noncustodial parent’s connection with the forum state is too attenuated “to justify imposing upon him the burden and inconvenience of defense” and that the father’s contacts with California did not meet that standard. 436 U.S. at 91, 98 S.Ct. 1690.
In the present case, the father’s contacts with Alabama consist of trips for visitation with his children and, according to the mother, at least one vacation without his children. The mother relies heavily on Wells v. Wells, 533 So.2d 606 (Ala.Civ.App.1987), writ quashed, 533 So.2d 608 (Ala.1988), to support her argument that the court had in personam jurisdiction over the father. In Wells, the mother and children moved to Alabama before the parties were divorced; the father, when visiting the children, would stay in the mother’s house. The present case is distinguishable from Wells. In Wells, the nonresident father was required by the divorce judgment to pay the tuition and educational expenses of the children, who attended private school in Mobile. In the present case, nothing in the divorce judgment required *490 the father to pay educational expenses or to perform any act in Alabama.
We find persuasive several other cases that are more closely on point with the facts of this case. In Burrill v. Sturm, 490 So.2d 6 (Ala.Civ.App.1986), the trial court lacked jurisdiction over the nonresident father, who had no contacts with this state other than the fact that his children were then living in Alabama with their mother. In Hubbard v. State ex rel. Hubbard, 625 So.2d 815 (Ala.Civ.App.1993), the husband, who was not the biological father of the child born during the marriage, did not have sufficient contacts with Alabama to confer personal jurisdiction upon the trial court. The wife applied for and received Aid for Families with Dependent Children (“AFDC”). The State, on behalf of the wife, petitioned for support from the husband, seeking reimbursement of the AFDC benefits paid to the wife. The husband’s only contact with this state was by the fact that his ex-wife and her child lived here and the fact that he had resided in this state for a total of six and one-half months during the parties’ nine-year marriage. “Such contact was insufficient to require the husband to defend himself in an Alabama court.” 625 So.2d at 817. In Green v. Green, 706 So.2d 1254 (Ala.Civ.App.1997), the unilateral activity of the mother in moving to Alabama was held not to create sufficient contacts between the father and this state to allow a court in this state to exercise in personam jurisdiction over him.
We affirm the judgment of the trial court.
AFFIRMED.
ROBERTSON, P.J., and MONROE, CRAWLEY, and THOMPSON, JJ., concur.

. Due process also requires that the father be served with process in a manner that is "reasonably calculated to give him actual notice of the proceedings and an opportunity to be heard.” Milliken v. Meyer, 311 U.S. 457, 61 S.Ct. 339, 85 L.Ed. 278 (1940). It is undisputed that the father received notice of the proceedings by certified mail at his place of residence in Virginia. We note that had he been personally served while in Alabama, our analysis would have proceeded under Burnham v. Superior Court of California, 495 U.S. 604, 110 S.Ct. 2105, 109 L.Ed.2d 631 (1990)(father who was personally served while on a combined business trip and visit to his children was subject to the jurisdiction of the California courts).