YATES, Presiding Judge.
Timothy Nelson (“the father”) appeals from a judgment entered by the trial court in favor of Beverly Kay Nelson (“the mother”) finding that it had in personam jurisdiction over him and awarding the mother $80,442.61 in retroactive child support as well as other relief.
The father sued the mother for a divorce in Orange County, New York, on April 27, *318 1990 (hereinafter referred to as “the New York action”). The mother sued the father for a divorce in Mobile County, Alabama, on May 3,1990 (hereinafter referred to as “the Alabama action”). The mother was served with the father’s complaint on May 7, 1990. The mother attempted service of her complaint on the father on two occasions. The case action summary sheet in the Alabama action indicates that the first attempt to serve the father failed and that the summons and complaint were “undelivered.” On June 22, 1990, an alias summons was issued by the Alabama court, and although the case action summary sheet indicates that the father was served, counsel for the mother concedes that the father was not properly served, stating that it appears someone other than the father had signed the return receipt.
The parties were divorced by the New York court on July 10, 1990. The New York court awarded custody of the parties’ minor child to the mother and granted the father reasonable visitation. The New York court retained jurisdiction of the matter “for the purpose of making such further judgment with respect to maintenance, support, custody or visitation as it finds appropriate.” On July 11, 1990, counsel representing the father in the New York action sent the following letter to the Alabama court:
“This office represents Timothy Nelson, the named Defendant in the above-captioned matrimonial action which I understand is scheduled for hearing in your Court on July 13, 1990. I would respectfully submit that the Court has not obtained proper jurisdiction over Mr. Nelson as, although it appears service of process was authorized by certified mail, restricted delivery, process was actually delivered and signed for in the mail room of Defendant’s place of employment and eventually delivered to him days later.
“Additionally, it would appear from a reading of the papers that the Defendant is entitled to at least thirty days (30) days time in which to serve an Answer or respond to pleadings.
“Lastly, and more importantly, Timothy Nelson has already commenced an action in the State of New York and, in fact, a Judgment of Divorce was issued by the Hon. Irving A. Green on July 10, 1990. A certified copy of said Judgment of Divorce is enclosed.
“For all of the above reasons, I would respectfully request that the pending action be dismissed. Thank you.”
The Alabama court designated the letter as a motion to dismiss and set it for a hearing. The mother was notified of the hearing; however, it does not appear’ from the record that the father was notified of the letter’s designation as a motion to dismiss or that it had been set for a hearing. The trial court denied the motion to dismiss on August 14, 1990, because of the father’s failure to appear.
On September 27, 1990, the Alabama court entered a judgment by default in favor of the mother, finding that the father had failed to appear after having been served by certified mail more than 30 days preceding the date of the order. Subsequently, the Alabama court, on October 11, 1990, entered an order divorcing the parties and, among other things, awarding the mother custody of the parties’ minor child and ordering the father to pay $665 per month in child support.
The mother, on February 14, 1992, initiated in the Alabama court an action pursuant to the Alabama Uniform Reciprocal State Enforcement of Duty to Support Act, § 30-4-80 et seq., Ala.Code 1975 *319 (“URESA”),[1] acknowledging the New York divorce judgment and requesting the New York court to enter a child-support order in accordance with the New York child-support guidelines. Following a hearing, the New York court, on August 22, 1992, deviated from the New York child-support guidelines and ordered the father to pay $25 per month in child support for the parties’ minor child. The New York court specifically noted that the mother had failed to respond to a request for information concerning the agreed mutual adoption of the parties’ children from previous marriages including the child whose support is at issue in this case, who is the mother’s biological child and who was adopted by the father, and that the father had an existing support obligation to his three biological children.
On May 10, 1995, the Alabama URESA unit, which assisted the mother with her URESA action, inquired of its legal division regarding the New York court’s child-support order. The URESA unit stated-in its inquiry that the mother was unaware of any request for information and that she wanted an increase in the amount of the support. Following that inquiry from the URESA unit, the legal division inquired to the county attorney in New York concerning the New York court’s deviation from the New York child-support guidelines. In its letter, the legal division acknowledged that the mother could not be located in order to discuss her options and it requested that the New York court modify its support order.
On March 15, 1996, the mother petitioned the New York Office of Child Support Enforcement Interstate Central Registry requesting that the Alabama divorce judgment be registered and that the Alabama court’s support award be enforced. The mother was notified by letter on June 5,' 1996, that her petition to register the Alabama divorce judgment and to enforce the Alabama court’s support award was being denied because that judgment was barred under the doctrine of res judicata, by the New York divorce judgment.
In December 1999, the mother petitioned for a modificátion of the New York child-support order and requested an income-withholding order pursuant to the Uniform Interstate Family Support Act, § 30-3A-101 et seq., Ala.Code 1975 (“UIF-SA”).[2] This petition was dismissed by the New York court on May 26, 2000, for failure to obtain sendee on the father.
The mother next petitioned the Alabama court to garnish the father’s wages based on the Alabama divorce judgment and support order. A writ of garnishment was issued on June 26, 2001. On July 18, 2001, the father moved the Alabama court to dismiss all “causes” against him, arguing that the Alabama court lacked jurisdiction over the subject matter and that it lacked personal jurisdiction over him. On that same day, the father also moved the court for an order “staying garnishments, wage withholding orders, and any further action” against him pending a determination as to the validity of the Alabama divorce judgment and support order entered on October 11, 1990. On July 19, 2001, the Alabama court entered an order staying the wage-withholding order, ordered that the writ of garnishment remain in effect and that any proceeds received pursuant to the garnishment be paid into the clerk of court, and set the remaining motions for a hearing.
Following a hearing, the Alabama court, on September 13, 2001, ordered, among *320 other things, that the mother’s counsel immediately file pleadings in the New York court to set aside the New York divorce judgment and that the counsel for the father file responsive pleadings to the mother’s pleadings to set aside the divorce judgment. The mother’s counsel moved to have the New York divorce judgment set aside as ordered by the Alabama court. The New York court, on October 19, 2001, entered an order dismissing the mother’s motion to set aside the New York divorce judgment, finding that the father had not been properly served or notified of the motion, that counsel for both the father and the mother were not licensed to practice law in . New York, and that the motion was based on the hearsay statements of the mother’s counsel.
On January 29, 2002, the mother moved to vacate the New York divorce judgment, or, in the alternative, to defer to the Alabama court on the issue of child support with respect to the parties’ minor child. On April 26, 2002, the New York court entered a well written and detailed order that generally discusses the procedural history and legal principles related to this case. The New York court stated, in part:
“The New York divorce judgment at the time it was rendered, July 10, 1990, had preclusive res judicata effect as to the parties being divorced with respect to any other actions in any State in the Union. Therefore, as to the issue of the parties’ marital status, i.e., divorce, the later Alabama divorce judgment of [October 11, 1990,] was a nullity to the extent it adjudicated the parties’ divorce because the parties’ marital status had already been determined by the divorce granted in the prior New York judgment. The subsequent Alabama divorce judgment could override the New York judgment but only as to the parties’ personal rights such as custody and support provided that the Alabama Court had personal jurisdiction over [the father], As noted, the issue of whether personal jurisdiction over [the father] existed in the Alabama divorce action is in dispute and [is] being litigated by the parties in Alabama. .
[[Image here]]
“In view of the facially conflicting child support provisions of the [October 11,1990], Alabama divorce judgment and the August 22, 1992, URESA/USDL order, a question is raised as to which is the controlling child support order, and the Court in which State has continuing exclusive jurisdiction over the issue of child support under UIFSA. This is with the caveat that if the Alabama Court did not have personal jurisdiction over [the father] in the Alabama divorce action then Alabama did not have jurisdiction to issue a child support order binding on [the father] and the Court in New York by virtue of the [URE-SA/USDL] order and [the father’s] continued residence in New York would have sole exclusive continuing jurisdiction over child support.
[[Image here]]
“Again, as between the New York [URESA/USDL] order and the Alabama divorce judgment, this Court cannot conclusively determine at this time in the context of this motion which is the controlling child support order and which Court tribunal has exclusive continuing jurisdiction over such order until the issue of whether in personam jurisdiction existed over [the father] in the Alabama divorce action is resolved in the litigation presently pending in Alabama.”
Subsequently, the Alabama court entered an order on June 13, 2002, finding that it did have sufficient personal jurisdiction over the father to enter a child-sup *321 port order in the case. Following a hearing, the Alabama court entered an order on December 19, 2002, finding that the father owed the mother $80,442.61 in retroactive child support and setting the father’s future support obligation at $875.37 per month. The father appeals.[3]
The dispositive issue on appeal, as clarified by the New York court, is whether the Alabama court had in personam jurisdiction over the father when it entered its child-support order on October 11, 1990, and, therefore, whether it had in personam jurisdiction over the father to enter the retroactive child-support award against him on December 19, 2002. The father argues that the Alabama court lacked in personam jurisdiction over him.
The mother testified that both she and the father were residing in Alabama when they met and when they were married in January 1986. The mother had one child from a previous marriage and the father had three children from a previous marriage. The father’s children lived and attended school in Alabama. The mother also testified that the father’s parents and siblings were living in Alabama at the time. The mother stated that she and the father continued to reside in Alabama for approximately one month after their marriage and that they then moved to New York with their children.
The mother testified that she, the father, and the children lived in New York for approximately five and one-half months and that they then moved to Maryland. The father adopted the mother’s child while the family lived in Maryland. In June 1988, the mother brought the children to Alabama to visit relatives. The father did not visit Alabama on this occasion. The mother returned to Maryland without the children; however, she returned to Alabama approximately one week later, after an altercation with the father. Subsequently, the father came to Alabama to retrieve his biological children and to attempt a reconciliation with the mother, which was unsuccessful. The father returned to Maryland with his biological children and the mother remained in Alabama with her biological child. The father then moved from Maryland back to New York. The father resided in New York and the mother resided in Alabama at the time they filed their respective complaints for divorce.
Rule 4.2(a)(2)(A)-(I), Ala. R. Civ. P., establishes the contacts with the state of Alabama that will afford the basis for an Alabama court to exert in personam jurisdiction over a nonresident defendant. Although the trial court made no findings of fact relative to the issue presented, a review of the record indicates that the only basis for the trial court’s exertion of in personam jurisdiction over the father in this case is pursuant to Rule 4.2(a)(2)(H) or (I), Ala. R. Civ. P. Rule 4.2(a)(2)(H) and (I) provides:
“(2) Sufficient Contacts. A person has sufficient contacts with the state when that person, acting directly or by agent, is or may be legally responsible as a consequence of that person’s
[[Image here]]
“(H) living in the marital relationship within this state notwithstanding subsequent departure from this state, as to all obligations arising from alimony, custody, child support, or property settlement, if the other party to the marital relationship continues to reside in this state; or
*322 “(I) otherwise having some minimum •contacts with this state and, under the circumstances, it is fair and reasonable to require the person to come to this state to defend an action. The minimum contacts referred to in this subdivision (1) shall be deemed sufficient, notwithstanding a failure to satisfy the requirement of subdivisions (A)-(H) of this subsection (2), so long as the prosecution of the action against a person in this state is not inconsistent with the constitution of this state or the Constitution of the United States.”
The mere fact that a nonresident defendant once lived in the marital relationship in this state is insufficient to confer in personam jurisdiction upon an Alabama court over that nonresident defendant pursuant to Rule 4.2(a)(2)(H), Ala. R. Civ. P. Hubbard v. State of Alabama ex rel. Hubbard, 625 So.2d 815 (Ala.Civ.App.1993)(holding that husband’s having resided in this state for six and one-half months during the course of the parties’ nine-year marriage was insufficient to confer in personam jurisdiction upon the court); Minkoff v. Abrams, 539 So.2d 306 (Ala.Civ.App.1988)(holding that the parties’ having lived in the marital relationship for 3 years in this state was insufficient to confer in personam jurisdiction upon the court because they had left the state 12 years before the institution of the current proceedings).
With regard to Rule 4.2(a)(2)(I), this court has stated:
“That subsection is generally considered a catchall provision for establishing in personam jurisdiction. Corcoran v. Corcoran, 353 So.2d 805, 809 (Ala.Civ.App.1978). Two criteria essential for a party to establish personal jurisdiction over a defendant through the ‘minimum-contacts’ provision of Rule 4.2(a)(2)(I) are (1) that the maintenance of the action must not offend the ‘ “traditional notions of fair play and substantial justice,” ’ International Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945) (quoting Milliken v. Meyer, 311 U.S. 457, 463, 61 S.Ct. 339, 85 L.Ed. 278 (1940)), and (2) that the ‘ “quality and nature” ’ of the defendant’s activities in this state must have been such that it is ‘ “reasonable” ’ and “fair” ’ to require him to defend here. Kulko v. Superior Court of California, 436 U.S. 84, 92, 98 S.Ct. 1690, 56 L.Ed.2d 132 (1978) (quoting International Shoe, 326 U.S. at 316-17, 319, 66 S.Ct. 154).
“It is well settled that the wife’s unilateral activity in moving to Alabama cannot satisfy the requirement that the husband have ‘minimum contacts’ with Alabama sufficient to subject him to a lawsuit in this state. Sena v. Sena, 709 So.2d 48, 50 (quoting Lightell v. Lightell, 394 So.2d 41 (Ala.Civ.App.1981)). It is essential in each case that there be some act by which the nonresident ‘purposefully avails [himself] of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.’ Hanson v. Denckla, 357 U.S. 235, 253, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958).”
Coleman v. Coleman, 864 So.2d 371, 374 (Ala.Civ.App.2003) (holding that wife’s unilateral move to Alabama and occasional visits by the husband with the parties’ children in Alabama does not satisfy the “minimum contacts” requirement sufficient to subject the husband to in personam jurisdiction of an Alabama court).
After reviewing the record in this case, we conclude that the Alabama court lacked in personam jurisdiction over the father. The record indicates that the father and the mother met and married in Alabama and resided in this state for approximately one month following the marriage before *323 moving to New York. However, merely having once lived in the marital-relationship in this state is insufficient to confer in personam jurisdiction upon the Alabama court over the father pursuant to Rule 4.2(a)(2)(H), Ala. R. Civ. P. Hubbard, 625 So.2d 815. Further, the mother returned to Alabama with the parties’ children to visit relatives in June 1988; the father did not visit Alabama on that occasion. Thereafter, the father returned to Alabama for a short period of time to retrieve his children and to attempt a reconciliation with the mother after they had separated. This was the only occasion that the father returned to Alabama after the parties had married. The mother continued to reside in Alabama with the child, and the father returned to New York. However, the unilateral action of the mother in moving to Alabama with the child and the father’s one visit in Alabama to attempt a reconciliation is insufficient to satisfy the “minimum contacts” requirement of Rule 4.2(a)(2)(I), Ala. R. Civ. P. Coleman, 864 So.2d at 374.
Accordingly, because we conclude that the Alabama court did not have in person-am jurisdiction over the father at the time it entered the 1990 divorce judgment and child-support-award in favor of the mother, we must reverse the trial court’s judgment and remand the case for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
CRAWLEY, THOMPSON, and PITTMAN, JJ., concur.
MURDOCK, J., concurs in the result, without writing.

. This act was repealed on January 1, 2000.

. The UIFSA was adopted on January 1, 1998, and eventually replaced the URESA.

. The father filed a postjudgment motion seeking certain relief that is not relevant to the issues raised on appeal. The trial court granted the father’s postjudgment motion.