This is a divorce case.
The husband appeals from a judgment of divorce, which also determined him to be the father of a child born to the wife some two years after the parties had separated. The wife cross-appeals asserting error in the support and property division provisions of the judgment and in the failure of the trial court to award her an attorney's fee.
The parties were married at Long Island, New York in 1962. The husband, in career service with the United States Army, was transferred numerous times and the transfers resulted in many changes of residence for the couple. They were able to buy a house in North Carolina in the late 1960's which apparently served as their marital residence from that time until their separation in 1974, though the wife continued to live there until July 1976. In January 1976 the child whose paternity is disputed was born in North Carolina. The mother moved with the child to Alabama and has resided here since that time. The husband has traveled about pursuant to his career since the separation and currently resides in the Canal Zone.
In September 1978 the wife filed a petition for divorce in the Montgomery County Circuit Court seeking a divorce, alimony, custody of the child, child support, and transfer to her of the husband's interest in the jointly-owned North Carolina home.
Since the wife filed her petition, the husband by pro se motion and by motions of his attorney, has continually objected to the jurisdiction of the court as to both subject matter and his person. The case proceeded as the husband's objections were repeatedly overruled. The circuit court awarded a divorce to the wife, determined the husband to be the father of the child, and awarded child support. The husband appeals.
The issue on the husband's appeal is whether personal jurisdiction over the defendant is required in order for the court to make a paternity determination pursuant to a divorce decree and, if such is required, whether that personal jurisdiction was present in this case.
We begin by noting that the evidence supports the determination of jurisdiction to render the divorce. The wife alleged and proved her residence pursuant to § 30-2-5, Code of Alabama (1975). This was sufficient to allow jurisdiction over the wife and the marital res. Sachs v. Sachs, 278 Ala. 464,179 So.2d 46 (1965).
Although the granting of a divorce requires only that the court have jurisdiction over the marital res, a judgment establishing paternity generally requires personal jurisdiction over the defendant. Brondum v. Cox, 292 N.C. 192,232 S.E.2d 687 (1977); Watkins v. Watkins, 194 Tenn. 621, 254 S.W.2d 735
(1953). A note entitled Developments in the Law-State CourtJurisdiction, in 73 Harv.L.Rev. 909 offers sound reasoning on the subject where it states:
 Although the paternity plaintiff has occasionally argued that jurisdiction should be assumed ex parte, that contention has been universally rejected even by courts which have found no difficulty in sustaining ex parte jurisdiction over divorce, on the ground that there exists a fundamental difference between actions such as divorce which merely sever a personal status — although they may continue preexisting obligations — and actions like paternity which impose new affirmative duties and obligations. . . . Because of the extremely harsh and unfair consequences of an erroneous judgment, jurisdiction in paternity cases should be allowed only upon compliance with the general criteria of fairness and convenience applicable to other types of personal actions. . . . *Page 43 
The husband has contended that the paternity determination, and award of child support pursuant thereto, is a personal judgment against him and requires the court have personal jurisdiction over him. We agree with his contention. A judgment establishing paternity necessarily fixes upon the defendant father a personal obligation for support of the minor child and certain rights of inheritance. Brondum v. Cox, supra. A paternity determination incident to a divorce decree must be rendered by a court having jurisdiction over the person of the defendant.
It is undisputed that the husband was and is a non-resident of Alabama. ARCP, 4.2 (a)(2) defines the bases of in personam jurisdiction over non-residents of Alabama in subdivisions (A)-(I) of that rule. The parties to this appeal recognize, and we agree, that subdivision (I) is the only possibility for the court to exercise jurisdiction over the person of the husband in the present case.
Subdivision (I) allows jurisdiction over a person who has some "minimum contacts" with Alabama sufficient to subject the non-resident individual to suit in this state and is generally considered a "catch-all" provision for that purpose. Corcoranv. Corcoran, 353 So.2d 805 (Ala.Civ.App. 1978). An essential criterion in cases where the state seeks to acquire personal jurisdiction over a defendant through "minimum contacts" is whether the quality and nature of the defendant's activities in the state are such that it is reasonable and fair to require him to conduct his defense there. Kulko v. Superior Court ofCalifornia, 436 U.S. 84, 98 S.Ct. 1690, 56 L.Ed.2d 132 (1978).
In the present case, to put it succinctly, the defendant has never conducted any activity in the State of Alabama. Nothing in the record would suggest that any basis for the exercise of in personam jurisdiction over him in Alabama would exist. The plaintiff seeks to assert that the husband's failure to support his minor child in Alabama provides the "minimum contacts" necessary. This argument, however, only restates the issue, that is, whether or not the husband had an obligation to support this child, i.e., the paternity determination. Plaintiff also asserts that Alabama's strong interest in protecting the welfare of the minor child provides the sufficient "minimum contact." While this interest is unquestionably important, it simply does not make Alabama a fair forum in which to require the husband, who derives no personal or commercial benefit from the child's presence in Alabama, and who lacks any other relevant contact with the state, to defend a paternity determination therein. Kulko v.Superior Court of California, supra, 436 U.S. at 100,98 S.Ct. at 1701. The unilateral activity of the wife in moving to Alabama cannot satisfy the requirement of the husband's "minimum contacts" with the forum state. It is essential in each case that there be some act by which the defendant purposely avails himself of the privilege of conducting activities in the forum state. Hanson v. Denckla, 357 U.S. 235,78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958). The defendant-husband conducted no activity in Alabama; no in personam jurisdiction over him existed and the paternity determination and accompanying order of child support were erroneously entered by the circuit court.
It necessarily must follow that the court was equally without jurisdiction to render personal judgment for alimony, attorney fees and division of property lying in North Carolina. The cross appeal of the wife must fail because the failure of the court to grant her relief in those areas was not erroneous.
The husband's appeal requires reversal of the judgment's provisions as to the paternity and support of the child. The court's findings, made the subject of the wife's cross-appeal, are due to be affirmed. The wife's request for an attorney fee on appeal is hereby denied.
AFFIRMED IN PART: REVERSED IN PART AND REMANDED.
BRADLEY and HOLMES, JJ., concur. *Page 44