ROBERTSON, Judge.
This is a divorce case.
The parties in this case were married in December 1987, in Washington state, where they lived for approximately a year and a half. The wife then returned to Alabama in October 1988, and filed for divorce in Madison County Circuit Court on June 29, 1989. The husband, who was still living in Washington state, answered the wife’s complaint on July 31, 1989.
We note that in his answer, the husband asserted that he lacked sufficient knowledge to either confirm or deny the wife’s allegation that one child was born of the marriage; however, he also counter-petitioned for affirmative relief. Specifically, he sought custody of “his daughter” and requested the court to award him child support.
We would also note that the husband asserted in his answer that Alabama lacked jurisdiction to proceed on the divorce petition. Additionally, he later filed several other motions, one of which was a motion to dismiss based on his continuing assertion that Alabama lacked jurisdiction.
The court ultimately held a hearing, at which the husband failed to appear after having proper notice. Following the hearing, the court entered a default judgment *1201 against the husband, divorced the parties, awarded custody of the minor child to the wife with visitation to the husband, and ordered the husband to pay child support.
The husband appeals, asserting that the court lacked in personam jurisdiction over him and, consequently, had no authority to enter a judgment ordering him to pay child support. The husband also maintains that Lightell v. Lightell, 394 So.2d 41 (Ala.Civ.App.1981), controls the outcome in this case and that, pursuant to that holding, the trial court in this case improperly adjudicated the question of the child’s paternity.
The well established law in Alabama is that jurisdiction is fundamental, and, consequently, a judgment is void if the issuing court lacked either jurisdiction over the parties or the subject matter. McNutt v. Beaty, 370 So.2d 998 (Ala.1979). Further, an assertion of a lack of jurisdiction over the person is properly made by motion or by an answer in which other defenses are also raised. Creel v. Gator Leasing, Inc., 544 So.2d 936 (Ala.1989). Thus, if the husband was ndt properly within the jurisdiction of the court, the default judgment entered against him is void. Roberts v. Wettlin, 431 So.2d 524 (Ala.1983); Wonder v. Southbound Records, Inc., 364 So.2d 1173 (Ala.1978).
We recognize that “[ajlthough the granting of a divorce requires only that the court have jurisdiction over the marital res, a judgment establishing paternity generally requires personal jurisdiction over the defendant.” Lightell v. Lightell, 394 So.2d 41 (Ala.Civ.App.1981). In short, when incident to a divorce decree a court renders a paternity determination and an accompanying order of support, the court must have jurisdiction over the person of the defendant. Lightell.
Here, as in Lightell, “[i]t is undisputed that the husband was and is a nonresident of Alabama. [Alabama Rules of Civil Procedure] 4.2(a)(2), defines the bases of in personam jurisdiction over non-residents of Alabama in subdivisions (A)-(I) of that rule.” The only avenue by which the court could have determined it possessed jurisdiction over the husband in this case is found in subdivision (I). Lightell.
In other words, the husband must have had sufficient “minimum contacts” with Alabama for the court to require him to conduct his defense here. Lightell. Simply put, “[i]t is essential in each case that there be some act by which the defendant purposely avails himself of the privilege of conducting activities in the forum state. Hanson v. Denckla, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958).” Lightell.
As distinguished from Lightell, the husband in this case sought affirmative relief from the court in that he counter-petitioned for custody of “his daughter” and requested child support. In other words, we find that the husband purposely availed himself of conducting activities in Alabama by seeking custody of “his daughter” and child support from his wife in an Alabama court. Thus, he submitted himself to the jurisdiction of the court.
Having determined that the court possessed in personam jurisdiction over the husband, it necessarily follows that the husband’s failure to appear resulted in the proper entry of a default judgment against him.
The court’s judgment is due to be affirmed.
AFFIRMED.
INGRAM, P.J., and RUSSELL, J„ concur.