Willhemenia Green sued for a divorce from Russell James Green on May 13, 1996, in the Montgomery County Circuit Court. The parties had been married in Petersburg, Virginia, on February 13, 1987. The husband was residing in Clinton, Maryland, when the wife sued for the divorce. After the husband refused service of process by certified mail, the wife served the husband by regular mail. The husband did not answer or otherwise respond to the wife's complaint. The court entered a default judgment, pursuant to Rule 55(b)(2), Ala.R.Civ.P., against the husband on December 26, 1996. The default judgment divorced the parties, granted custody of their minor child to the mother, ordered the husband to pay child support of $300 per month, awarded the wife real property situated in Alabama, divided certain personal property, and ordered the husband to pay the wife $500 per month as periodic alimony.[1]
On January 22, 1997, the husband filed a special appearance for the sole purpose of challenging the jurisdiction of the trial court. He asked the trial court to amend its judgment by deleting the paragraph that awarded the wife periodic alimony. On April 21, 1997, the trial court denied the husband's motion to amend the judgment. The husband appeals but only as to the award of periodic alimony. He claims that the trial court lacked the personal jurisdiction necessary to award the alimony.
This appeal raises only an issue of law. The facts are not in dispute. Therefore, we review this case de novo and indulge no presumption in favor of the trial court's application of the law to the facts. State v. Hill 690 So.2d 1201, 1203 (Ala. 1996).
The only evidence before this court is the information contained in the clerk's record. With the husband's motion to amend the judgment of the trial court, he submitted an affidavit in which he stated that he was then residing in Clinton, Maryland, that he was not then and never had been a resident of Alabama, that he had never conducted or transacted any business in Alabama, and that he had not been served with a court summons or a complaint in Alabama. This affidavit was uncontested by the wife.
Although the husband raises only the issue of periodic alimony, we note that the evidence supports the trial court's determination that it had jurisdiction to enter the divorce judgment. The wife alleged and proved her residence; see §30-2-5, Ala. Code 1975. This was sufficient to allow jurisdiction over the wife and the marital res. Lightell v.Lightell, 394 So.2d 41, 42 (Ala.Civ.App. 1981).
The husband contends that the award of alimony is a personal judgment against him and must be based on the court's personal jurisdiction over him. We agree. A judgment awarding alimony necessarily fixes upon the husband a personal obligation for support of the wife. An award of periodic alimony incident to a divorce judgment can be made only by a court having jurisdiction over the person of the defendant. Billingsley v.Billingsley, 285 Ala. 239, 242, 231 So.2d 111, 113 (1970).[2]
Rule 4.2(a)(2)(A)-(I), Ala.R.Civ.P., states the contacts with this state that will provide the basis for in personam
jurisdiction over a nonresident. Although the trial court stated no findings, it appears from the clerk's record that the only possible bases for the court to exercise personal jurisdiction over the husband would be in subdivisions (F) and (I).
Subdivision (F) concerns real property. "A person has sufficient contacts with the state when that person, acting directly or *Page 1256 
by agent, is or may be legally responsible as a consequence of that person's having an interest in, using, or possessing real property in this state." The trial court may have construed a copy of a warranty deed, dated January 17, 1994, granting the husband and the wife a fee simple interest in certain real property located in Bullock County, Alabama, as establishing sufficient contacts to subject the husband to in personam
jurisdiction of Alabama courts. This copy of a warranty deed is found in the clerk's record and appears to have been submitted as a part of the wife's motion for default judgment. However, nothing indicates that this copy of a deed was offered into evidence. There was no testimony establishing the authenticity of this copy of a deed. The copy of a deed also lacks any certification that would make it self-authenticating under Rule 902, Ala.R.Evid. In her affidavit supporting this default divorce judgment, the wife claims that she is "currently paying all taxes dues on the property in Alabama West Virginia." We assume that this copy of a deed relates to the Alabama property the wife refers to in her affidavit. The divorce judgment awarded the "real property situated in Alabama" to the wife. This is apparently the real property to which the copy of the deed relates. In his affidavit supporting his motion to amend the divorce judgment, the husband claims that he has "never conducted nor transacted any business in the State of Alabama." The wife does not contest this evidence. Without the proper predicate being laid to establish the authenticity of this copy of a deed, we cannot consider it as evidence to support a finding of sufficient contacts to subject the husband to in personam jurisdiction.
Subdivision (I) allows jurisdiction over a person who has some "minimum contacts" with Alabama sufficient to subject the nonresident to a lawsuit in this state. It is generally considered a catchall provision for the purpose of establishingin personam jurisdiction. Corcoran v. Corcoran, 353 So.2d 805,808 (Ala.Civ.App. 1978). Two essential criteria for a party to establish personal jurisdiction over a defendant through the "minimum contacts" catchall provision are as follows: (1) the maintenance of the action must not offend "traditional notions of fair play and substantial justice," International Shoe Co.v. Washington, 326 U.S. 310, 316, 66 S.Ct. 154, 158,90 L.Ed. 95, 102 (1945), and (2) the "quality and nature" of the defendant's activities in the state must have been such that it is "reasonable and fair" to require him to defend there. Kulkov. Superior Court of California, 436 U.S. 84, 92,98 S.Ct. 1690, 1696-97, 56 L.Ed.2d 132, 141 (1978). From the scant evidence available in the clerk's record before us, we are unable to hold that the husband had the requisite minimum contacts.
It is well settled that "the unilateral activity of the wife in moving to Alabama cannot satisfy the requirement of the husband's 'minimum contacts' with the forum state."Lightell, 394 So.2d at 43. It is essential in each case that there be some act by which the defendant "purposely avails himself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." Hanson v. Denckla, 357 U.S. 235, 253, 78 S.Ct. 1228,1240, 2 L.Ed.2d 1283, 1298 (1958). The record before us does not reveal any evidence of minimum contacts by the husband that would make it "reasonable and fair" to require him to defend an alimony claim in this state. The trial court does not indicate in any of its orders in what way it acquired personal jurisdiction over the husband. There is no evidence to establish that the husband was ever a resident of Alabama. Likewise, nothing before us establishes that the husband conducted or transacted any business in Alabama. Also, he was not served with a summons or complaint in Alabama. The wife does not allege that her husband has had any contact with Alabama. In fact, she claims she lived in Maryland with her husband before coming to Alabama. Because an award of periodic alimony requires in personam jurisdiction over the person compelled to pay, that portion of the trial court's order dealing with the award of periodic alimony is due to be reversed.
REVERSED AND REMANDED.
ROBERTSON, P.J., and YATES, MONROE, and CRAWLEY, JJ., concur.
[1] The wife had not requested an award of alimony in her complaint.
[2] The issue of the court's jurisdiction to order child support was not raised before the trial court or on appeal. *Page 1257