Julie Ann McKerley Sena filed a complaint for divorce from John Arthur Sena on January 2, 1997, in the Jefferson Circuit Court. The case action summary reflects that the husband was served by a special process server in Virginia on January 16, 1997. On February 20, 1997, the wife filed an application for default, supported by her affidavit. A default was entered that same date, and the cause was set for a default hearing on March 3, 1997. Copies of the order setting the default hearing were mailed to the husband on February 25, 1997. Following an ore tenus proceeding, the trial court entered a final judgment of divorce on March 4, 1997. The judgment awarded custody of the minor children to the wife and gave the husband reasonable rights of visitation. The judgment ordered the husband to pay child support; to maintain medical, hospital, and dental insurance on the minor children; to contribute to the payment of the wife's attorney fees; and to pay court costs. The judgment further made awards of property and made the husband responsible for all debts incurred during the marriage.
The husband, on May 2, 1997, moved to set aside the default judgment; the motion was set for a hearing on May 22, 1997. The trial court entered an order on May 27, 1997, denying the motion. On June 24, 1997, the husband filed a "motion to reconsider" the motion to set aside the default judgment; his motion was set for a hearing on July 17, 1997. In this motion, the husband raised the issue of the paternity of the oldest and youngest of the wife's minor children, as well as the issues raised in the prior motion. The trial court entered an order on July 18, 1997, denying this motion. The husband's appeal was accepted as timely filed under the provisions of 50 App. U.S.C. § 520(1), the Soldiers' and Sailors' Civil Relief Act of 1940; otherwise, it would not have been timely filed.
The evidence tends to show that the parties were married on January 31, 1994, in Charleston, South Carolina. At the time of the marriage, the wife had one minor child *Page 50 
who had been born September 29, 1993. The parties subsequently moved to Virginia, where the husband was stationed with the United States Navy and was assigned to the nuclear submarineUSS Narwhal. A second child was born on October 22, 1994. Around February 1996, the parties separated, with the husband remaining in Virginia and the wife moving to Alabama with the children. The wife had her third child on August 21, 1996.
The husband claims that the Jefferson Circuit Court lacked personal jurisdiction over him, that it refused to take notice of a divorce action pending in a court of another state, and that it failed to comply with the provisions of 50 App. U.S.C. § 520(1), the Soldiers' and Sailors' Civil Relief Act of 1940. The wife did not submit a brief on appeal. Because we find the issue of in personam jurisdiction to be dispositive, we do not address the remaining issues.
The husband argues that the judgment of the Jefferson Circuit Court is void because of a lack of in personam jurisdiction. He alleges that the parties have not lived together in any state other than South Carolina and Virginia. The husband contends that his contacts with the state of Alabama have been limited to visits with the wife's parents during the marriage and visits with the minor children since the separation.
Alabama statutes do not require in personam jurisdiction over both parties to grant a divorce. The wife alleged and proved her residence; see § 30-2-5, Ala. Code 1975. This was sufficient to allow jurisdiction over the wife and the marital res. Lightell v. Lightell, 394 So.2d 41, 42 (Ala.Civ.App. 1981). However, a judgment determining paternity, awarding custody, and awarding child support necessarily fixes upon a father a personal obligation for care and support of the minor children and requires in personam jurisdiction over him. May v.Anderson, 345 U.S. 528, 534, 73 S.Ct. 840, 843, 97 L.Ed. 1221
(1953), and Lightell, 394 So.2d at 42-43.
Rule 4.2(a)(2)(A)-(I), Ala.R.Civ.P., states the contacts with this state that will provide the basis for in personam
jurisdiction over a nonresident. Although the trial court stated no findings, it appears from the clerk's record that the only possible basis for the trial court to exercise personal jurisdiction over the husband is found in subdivision (I).
Subdivision (I) allows jurisdiction over a person who has some "minimum contacts" with Alabama sufficient to subject the person to a lawsuit in this state. It is generally considered a catchall provision for the purpose of establishing inpersonam jurisdiction. Corcoran v. Corcoran, 353 So.2d 805, 808
(Ala.Civ.App. 1978). Two essential criteria for a party to establish personal jurisdiction over a defendant through the "minimum contacts" catchall provision are (1) that the maintenance of the action must not offend "traditional notions of fair play and substantial justice," International Shoe Co.v. Washington, 326 U.S. 310, 316, 66 S.Ct. 154, 158,90 L.Ed. 95, 102 (1945), and (2) that the "quality and nature" of the defendant's activities in the state must have been such that it is "reasonable and fair" to require him to defend there. Kulkov. Superior Court of California, 436 U.S. 84, 92,98 S.Ct. 1690, 1696-97, 56 L.Ed.2d 132, 141 (1978).
It is well settled that "the unilateral activity of the wife in moving to Alabama cannot satisfy the requirement of the husband's 'minimum contacts' with the forum state."Lightell, 394 So.2d at 43. It is essential in each case that there be some act by which the defendant "purposely avails himself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." Hanson v. Denckla, 357 U.S. 235, 253, 78 S.Ct. 1228,1240, 2 L.Ed.2d 1283, 1298 (1958). The record before us contains no evidence of contacts by the husband that would make it "reasonable and fair" to require him to defend the wife's complaint in this state. The trial court did not indicate in any of its orders the basis of its personal jurisdiction over the husband. There is no evidence to establish that the husband was ever a resident of Alabama. Likewise, nothing before us establishes that the parties resided as husband and wife in Alabama. There is no evidence that the husband conducted or transacted any business in Alabama. Also, *Page 51 
he was not served with a summons or complaint in Alabama. The wife does not allege that the husband has had any contact with Alabama. In fact, she claims they were married in Charleston, South Carolina, and that they resided there and in Norfolk, Virginia, before she returned to Alabama and filed her divorce complaint. The husband acknowledged coming to visit the wife's parents in Alabama and visiting the minor children in Alabama subsequent to the parties' separation.
The husband's visits in Alabama, alone, are insufficient evidence that the husband "purposely availed himself of the privilege of conducting activities" within Alabama such that it would be "reasonable and fair" to require him to defend in Alabama. The Supreme Court addressed a similar situation inKulko, supra. In that case, the nonresident had married in the forum state many years before the divorce; had visited in the forum state on two occasions before the divorce; and had sent one of his minor children to the forum state to reside with the former wife after the divorce. The California court discounted the early marriage in the state and the former husband's visits in the state, but found in personam jurisdiction based on the former husband's sending the minor child to California to live with the former wife. In reversing, the United States Supreme Court stated that the lower court had failed to heed the Supreme Court's admonition that "the flexible standard ofInternational Shoe does not herald the eventual demise of all restrictions on the personal jurisdiction of state courts."Kulko, 436 U.S. at 101, 98 S.Ct. at 1707, 56 L.Ed.2d at 144. The Supreme Court recognized that many of its decisions involving the use of so-called "long-arm" statutes primarily deal with commercial cases or other cases in which a potential defendant derives some personal benefit from his activity in the forum state. The former husband in Kulko had not derived any personal benefit by sending the minor child to live with the former wife in California.
In the instant case, the husband derived no personal benefit by visiting the wife's parents in Alabama and his children in Alabama. We have already noted that in personam jurisdiction cannot be inferred from the unilateral actions of the wife.Lightell, supra. Furthermore, to exercise in personam
jurisdiction based on the location of the children would discourage equitable visitation agreements in divorce actions. The husband's purposeful contacts, not the residence of his children, should determine jurisdiction.
From the scant evidence available in the record on appeal, we are unable to hold that the husband had the requisite contacts with Alabama for the trial court to exercise in personam
jurisdiction over him. Because that court did not have inpersonam jurisdiction over the husband, that portion of the order dealing with the paternity issue raised by the husband, child custody, award of child support, payment of the wife's attorney fees, and court costs is declared void. That part of the judgment divorcing the husband and the wife is due to be affirmed.
The husband's request for an attorney fee on appeal is denied.
AFFIRMED AS TO THE DIVORCE OF THE PARTIES; OTHERWISE SET ASIDE AS VOID.
YATES, MONROE, and CRAWLEY, JJ., concur.
ROBERTSON, P.J., concurs in the result.