THOMPSON, Judge.
Susan Beth Blair (“the wife”) and Thomas F. Blanchard III (“the husband”) were divorced on November 21, 1988, in Escam-bia County, Florida. They had adopted one minor child during their marriage. By the Florida divorce judgment, the wife was awarded primary physical custody of the parties’ child and the husband was awarded visitation privileges. When the Florida divorce was rendered, both parties and the minor child were domiciled in Florida. Af-terwards, the wife and the minor child moved to Alabama, and they have resided here for approximately three years. The husband lives in Florida; he says he has never resided in Alabama.
The divorce judgment ordered the husband to pay monthly child support and to maintain health insurance, to pay one-half of the child’s noncovered health and dental expenses, and to obtain life insurance for the benefit of the minor child, with the wife designated as the beneficiary.
On January 5, 2000, the wife filed a petition in the Baldwin Circuit Court, asking that court to modify the divorce judgment and to hold the husband in contempt. She sought the contempt holding for the husband’s failing to provide health insurance for the minor child, for his failing to pay his portion of the minor child’s uncovered medical expenses, and for his failing to provide proof of life insurance. Further, the wife sought a modification of the existing child support order, postminority support, and attorney fees. The husband was served in the State of Florida with a copy of the wife’s petition, by certified mail, on February 18, 2000, and he was personally served on February 22, 2000. The husband failed to appear at a hearing scheduled for March 20, 2000, and the trial court entered a judgment against him.
In its judgment, the trial court found the husband in contempt for failing to comply with the provisions of the Florida divorce judgment. Further, the trial court increased the husband’s child-support obligation; awarded postminority educational support, with each party paying one-half of tuition, books, and living expenses; and awarded the wife attorney fees.
On April 8, 2000, the husband filed a special appearance for the purpose of challenging the jurisdiction of the trial court. He further requested that the court set aside the default judgment and dismiss the case. On May 8, 2000, the Baldwin Circuit Court denied the husband’s motion to set aside the default judgment and his motion to dismiss. The husband appealed.
The wife and the minor child have resided in Baldwin .County, Alabama, for three years. The husband is a resident of the State of Florida. The domicile of the marital relationship was in Florida and the parties were never domiciled as husband and wife in Alabama. The husband claims that he has traveled to Alabama on only two occasions.
The husband presents two issues on appeal: 1) whether the Baldwin Circuit *230 Court lacked the personal jurisdiction over him necessary to hold him in contempt and/or to modify the original judgment and 2) whether the foreign judgment was properly authenticated and/or domesticated in Alabama.
The husband argues that the judgment holding him in contempt and modifying his support obligations is void because, he argues, the trial court lacked the in personam jurisdiction over him necessary to affect the parties’ financial obligations incident to the Florida divorce. The husband contends that his contacts with the State of Alabama have been limited to two visits here with the minor child.
Alabama law allows courts to modify future installments due under the child-support provisions in a sister state’s divorce judgment if the court has first obtained jurisdiction over the parties. Camp v. Kenney, 673 So.2d 436 (Ala. Civ. App.1995); Quebedeaux v. Lord, 599 So.2d 51 (Ala.Civ.App.1992). This court has held that the fact that a woman and her child now live in Alabama is not enough to confer the in personam jurisdiction over the nonresident father necessary to authorize the Alabama court to enforce and modify a foreign judgment creating obligations among the three. See Burrill v. Sturm, 490 So.2d 6 (Ala.Civ.App.1986). Rule 4.2(a)(2)(A)-(I), Ala.R.Civ.P, sets forth the contacts with Alabama that will afford the basis for an Alabama court to exercise in personam jurisdiction over a nonresident. Although the trial court’s judgment contained no findings, the record indicates that the only possible basis for the trial court to exercise personal jurisdiction over the husband would be Rule 4.2(a)(2)(I), which allows jurisdiction over a person who has sufficient “minimum contacts” with Alabama to subject the person to a lawsuit in this state. Rule 4.2(a)(2)(I); Sena v. Sena, 709 So.2d 48, 50 (Ala.Civ. App.1998); Green v. Green, 706 So.2d 1254, 1256 (Ala.Civ.App.1997). That section is generally considered a catchall provision for the purpose of establishing in personam jurisdiction. Corcoran v. Corcoran, 353 So.2d 805, 809 (Ala.Civ.App. 1978). Two criteria essential for a party to establish personal jurisdiction over a defendant through the “minimum-contacts” catchall provision of Rule 4.2(a)(2)(I) are (1) that the maintenance of the action here must not offend “traditional notions of fair play and substantial justice,” International Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945), and (2) that the “quality and nature” of the defendant’s activities in this state must have been such that it is “reasonable and fair” to require him to defend here. Kulko v. Superior Court of California, 436 U.S. 84, 92, 98 S.Ct. 1690, 56 L.Ed.2d 132 (1978).
Further, it is well settled that the unilateral activity of the wife in moving to Alabama cannot satisfy the requirement that the husband have “minimum contacts” with Alabama sufficient to subject him to a lawsuit in this state. Sena v. Sena, 709 So.2d 48 (Ala.Civ.App.1998); Green v. Green, 706 So.2d 1254 (Ala.Civ.App.1997) (quoting Lightell v. Lightell, 394 So.2d 41 (Ala.Civ.App.1981)). It is essential in each case that there be some act by which the nonresident “purposely avails himself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.” Hanson v. Denckla, 357 U.S. 235, 253, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958). Here, we conclude that the wife has not shown such contacts on the part of the husband as would permit the Baldwin Circuit Court to exercise personal jurisdiction over him.
The record contains no evidence of any contacts by the husband that would make it “reasonable and fair” to require him to defend the wife’s claims in this state. The *231 trial court did not indicate in any of its orders the basis of its jurisdiction over the husband. There is no evidence to confirm that the husband was ever a resident of Alabama. Additionally, nothing before us establishes that the parties ever resided in Alabama while they were married. There is no evidence that the husband conducted or transacted any business in Alabama. The husband was not served in Alabama. The wife does not allege that the husband has had any contacts with Alabama; the wife acknowledges in her petition that the husband is a resident of Florida. The husband did admit coming to Alabama on two occasions to visit with the parties’ daughter. We note that this court has held that isolated visits are not sufficient to meet the “minimum-contacts” test for personal jurisdiction over a nonresident parent. See Sena v. Sena, 709 So.2d 48 (Ala.Civ.App.1998). The husband has had none of the contacts with this state recognized by Rule 4.2(a)(2) as sufficient to give Alabama courts in personam jurisdiction over him.
We conclude that the husband did not have the requisite contacts with Alabama for the trial court to exercise in personam jurisdiction over him. “[T]he International Shoe ‘minimum contacts’ test is not susceptible to mechanical application; rather, the facts of each case must be weighed to determine whether the requisite ‘affiliating circumstances’ are present.” Kulko v. California Superior Court, 436 U.S. 84, 92, 98 S.Ct. 1690, 56 L.Ed.2d 132 (1978) (citations omitted). Furthermore, this court has held that “a judgment ... awarding child support necessarily fixes upon a father a personal obligation for care and support of the minor children and requires in personam jurisdiction over him.” Sena v. Sena, 709 So.2d 48, 50 (Ala.Civ.App.1998)(citing May v. Anderson, 345 U.S. 528, 534, 73 S.Ct. 840, 97 L.Ed. 1221 (1953), and Lightell v. Lightell, 394 So.2d 41, 43 (Ala.Civ.App.1981)). The husband’s visits in Alabama, alone, are insufficient to support a finding that the husband “purposely availed himself of the privilege of conducting activities” within Alabama so that it would be “reasonable and fair” to compel him to defend the petition in Alabama. See Hanson v. Denckla, supra, and Kulko v. California Superior Court, supra.
Next, the husband argues that the Florida divorce judgment was never properly domesticated or authenticated in Alabama. However, because the circuit court had no personal jurisdiction over the husband, we need not consider whether the judgment was properly domesticated.
The case is remanded with instructions for the trial court to dismiss the action for lack of personal jurisdiction over the nonresident defendant.
REVERSED AND REMANDED.
ROBERTSON, P.J., and YATES, MONROE, and CRAWLEY, JJ„ concur.