PITTMAN, Judge.
This is an appeal from a final judgment of divorce entered by the Baldwin Circuit Court on December 8, 2000.
John S. Burke filed a complaint for divorce on September 15, 2000, seeking a dissolution of his marriage to Myra Burke as well as a division of the marital property. Myra Burke is a Florida resident. Myra Burke’s attorney filed a “Motion to Dismiss or Abate for Lack of Jurisdiction,” arguing that the court did not have personal jurisdiction over the wife; the husband filed his objections. A trial was set for November 27, 2000, and neither the wife nor her counsel appeared. The trial court entered a final judgment of divorce by default on December 8, 2000. In addition to dissolving the marriage, the judgment disposed of the two cars belonging to the husband and wife, as well as some property located in Florida. The wife appeals the final judgment of divorce.
The wife argues on appeal that the Baldwin Circuit Court did not have in person-am jurisdiction over her; therefore, she argues, that court was not the proper tribunal to hear the divorce action. The husband argues on appeal that since he had been a resident of Alabama for longer than six months preceding the filing of the complaint for divorce, and since such residency gives an Alabama court jurisdiction over the marital res, the court could exercise in rem jurisdiction, which is sufficient to allow that court to enter a final judgment of divorce.
The wife notes that in the case of Blanchard v. Blair, 781 So.2d 228 (Ala.Civ.App.2000), we held that the trial court did not have in personam jurisdiction over the husband and we remanded the case with instructions to dismiss because the court did not have personal jurisdiction over the nonresident husband. In Blanchard, the wife had filed a petition to modify a divorce judgment entered in Florida. The elements of the Florida judgment she sought to modify concerned child support, postminority support, and payment of attorney fees. She additionally asked the Alabama court to hold the husband in contempt for failure to pay some or all of his previous court-ordered obligations.
The wife also cites Sena v. Sena, 709 So.2d 48 (Ala.Civ.App.1998). In Sena, we held that the trial court did not have in personam jurisdiction over the husband and that the judgment of divorce, obtained by default, was due to be reversed. The trial court had entered the judgment of divorce by default, the husband having failed to appear. The divorce judgment dissolved the marriage, made a child-custody determination and a visitation award, a child-support award, a property award, and awarded attorney fees and court costs.
The husband notes § 80-2-5, Ala.Code 1975, which provides:
*500 “When the defendant is a nonresident, the other party to the marriage must have been a bona fide resident of this state for six months next before the filing of this complaint, which must be alleged in the complaint and proved.”
The husband then quotes Sena for the proposition that a court does not need to have in personam jurisdiction over both parties to grant a divorce:
“Alabama statutes do not require in personam jurisdiction over both parties to grant a divorce. The wife alleged and proved her residence; see § 30-2-5, Ala.Code 1975. This was sufficient to allow jurisdiction over the wife and the marital res. Lightell v. Lightell, 394 So.2d 41, 42 (Ala.Civ.App.1981).”
709 So.2d at 50. The rest of the cases the husband cites simply reiterate this proposition of law. He further and finally argues that the divorce action between him and his wife “merely involves termination of the marriage and a minimal division of property, which merely requires in rem jurisdiction.” (Husband’s brief at p. 1) This proposition is incorrect.
The husband correctly argues that if the complaining party has been a resident of this ■ state for the six months before the filing of a complaint for divorce, Alabama courts have jurisdiction over that party and, therefore, also have jurisdiction over the marital res. See § 30-2-5, Ala. Code 1975, and Sena, 709 So.2d at 50. However, the marital res is a very restricted entity. “The res over which the jurisdiction of the court is limited is the marital status of a citizen of Alabama.” Gee v. Gee, 252 Ala. 103, 105, 39 So.2d 406, 408 (1949). Our supreme court has held that “a sufficient part of the marriage res accompanies the domiciliary complainant, and authorizes an in rem action to determine the status of such res.” Billingsley v. Billingsley, 285 Ala. 239, 241, 231 So.2d 111, 113 (1970).
The case of Lightell v. Lightell, 394 So.2d 41 (Ala.Civ.App.1981), is instructive here, because in that case the husband appealed from judgment of divorce entered on the complaint of the wife, even though the husband had never lived in Alabama and had none of the traditional “minimum contacts” associated with subjecting one to in personam jurisdiction. The judgment dissolved the marriage; determined the paternity of the minor child; awarded child support, alimony, and attorney fees; and divided the marital property. We concluded that the trial court did not have in personam jurisdiction over the husband and that the paternity and child-support determinations, therefore, had been erroneously entered. We also held that “it must necessarily follow that the court was equally without jurisdiction to render personal judgment for alimony, attorney fees and division of property lying in North Carolina.” Id., 394 So.2d at 43.
A judgment determining the division of marital property, just as one determining alimony, child support, or child custody, fixes upon the party a personal obligation and requires in personam jurisdiction. See Sena, 709 So.2d at 50, and Lightell, 394 So.2d at 43. Rule 4.2(a)(2)(A)-(I), Ala. R. Civ. P., lists the contacts with this state that will provide the basis for in personam jurisdiction over a nonresident. We have previously held:
“Subdivision (I) allows jurisdiction over a person who has some ‘minimum contacts’ with Alabama sufficient to subject the person to a lawsuit in this state. It is generally considered a catchall provision for the purpose of establishing in personam jurisdiction. Corcoran v. Corcoran, 353 So.2d 805, 808 (Ala.Civ.App.1978). Two essential criteria for a party to establish personal jurisdiction *501 over a defendant through the ‘minimum contacts’ catchall provision are (1) that the maintenance of the action must not offend ‘traditional notions of fair play and substantial justice,’ International Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945), and (2) that the ‘quality and nature’ of the defendant’s activities in the state must have been such that it is ‘reasonable and fair’ to require him to defend there. Kulko v. Superior Court of California, 436 U.S. 84, 92, 98 S.Ct. 1690, 56 L.Ed.2d 132 (1978).”
Sena, 709 So.2d at 50.
In the present case, the record reveals that the wife submitted an affidavit in support of a motion for relief from default judgment that affirmatively states that she resides in the State of Florida, that she has never resided in the State of Alabama, that she does not transact business in the State of Alabama, and that she has not visited the State of Alabama. For reasons unknown to us, the husband responds to her various challenges to jurisdiction by incorrectly stating that the controlling factor is which party filed the complaint of divorce first, and he fails to argue the issue of in personam jurisdiction.
Given the complete lack of any argument by the husband on appeal relating to in personam jurisdiction, as well as the scant evidence in the record on appeal, we are unable to hold that the wife had the requisite contacts with Alabama for the trial court to exercise in personam jurisdiction over her. Because that court did not have in personam jurisdiction over the wife, that portion of the order dealing with the division of property is declared void. That part of the judgment divorcing the husband and wife is due to be affirmed.
AFFIRMED AS TO THE DIVORCE OF THE PARTIES; OTHERWISE SET ASIDE AS VOID.
YATES, P.J., and CRAWLEY, THOMPSON, and MURDOCK, JJ„ concur.