864 So.2d 371 (2003)
Paul A. COLEMAN
v.
Kandes M. Petty COLEMAN.
2020212.
Court of Civil Appeals of Alabama.
May 9, 2003.
*373 John C. Taylor, Huntsville, for appellant.
A. Leigh Daniel, Huntsville, for appellee.
THOMPSON, Judge.
Kandes M. Petty Coleman ("the wife") filed a complaint for divorce from Paul A. Coleman ("the husband") on July 31, 2002, in the Madison Circuit Court ("the trial court"). In her complaint, the wife sought custody of the parties' two minor children and an award of child support. The husband is a resident of Mississippi. The case action summary reflects that the husband was served with the complaint on August 7, 2002. On September 5, 2002, the wife filed an application for a default, supported by her affidavit. On September 26, 2002, the husband filed a special appearance for the purpose of challenging the jurisdiction of the trial court. He further requested that the trial court dismiss the wife's complaint for divorce. On October 28, 2002, the trial court denied the husband's motion to dismiss.
The husband appealed from the trial court's denial of his motion to dismiss. An order denying a motion to dismiss is an interlocutory order. Ryan v. Hayes, 831 So.2d 21 (Ala.2002). It is well settled that this court is without jurisdiction to hear an appeal from an interlocutory order. See Rule 5(a), Ala. R.App. P. ("Appeals of interlocutory orders are limited to those civil cases that are within the original appellate jurisdiction of the Supreme Court."); see also Shirt Depot v. Ritter, 660 So.2d 1017 (Ala.Civ.App.1995). This court has exclusive appellate jurisdiction in domestic-relations cases. § 12-3-10, Ala.Code 1975. However, this court also has original jurisdiction of a petition for a writ of mandamus relating to a matter over which it would have appellate jurisdiction. § 12-3-11, Ala.Code 1975. The husband filed a notice of appeal and, in the alternative, petitioned this court for a writ of mandamus. Accordingly, we will treat the husband's appeal as a petition for a writ of mandamus.
Mandamus is an extraordinary remedy. An appellate court will grant a petition for a writ of mandamus only when "(1) the petitioner has a clear legal right to the relief sought; (2) the respondent has an imperative duty to perform and has refused to do so; (3) the petitioner has no other adequate remedy; and (4) this Court's jurisdiction is properly invoked." Ex parte Flint Constr. Co., 775 So.2d 805, 808 (Ala.2000) (citing Ex parte Mercury Fin. Corp., 715 So.2d 196, 198 (Ala.1997)).
Before the parties married, the husband and the wife lived in Nashville, Tennessee. The parties were married on July 9, 1994, in Huntsville, Alabama. After marrying in Alabama, the parties returned to Tennessee, where they continued to reside until June 2001, when they separated. Two children were born of the parties' marriage. After the separation, the wife *374 moved to Huntsville, and the husband moved to Gulfport, Mississippi.
The husband contends on appeal that the trial court lacked personal jurisdiction over him. Specifically, the husband asserts that contacts with the State of Alabama were insufficient to give an Alabama court jurisdiction over him. He contends that his contacts with the State of Alabama have been limited to two days when the parties wed and occasional visits with the children.[1]
We first note that Alabama statutes do not require that a court have in personam jurisdiction over both parties to grant a divorce. The wife alleged and proved her residence in the State of Alabama pursuant to § 30-2-5, Ala.Code 1975. This was sufficient to allow jurisdiction over the wife and the marital res. Lightell v. Lightell, 394 So.2d 41, 42 (Ala. Civ.App.1981). However, a potential judgment awarding custody and child support necessarily fixes upon a father a personal obligation for the care and support of the minor children and requires in personam jurisdiction over the father. May v. Anderson, 345 U.S. 528, 534, 73 S.Ct. 840, 97 L.Ed. 1221 (1953), and Lightell, 394 So.2d at 42-43.
Rule 4.2(a)(2)(A)-(I), Ala. R. Civ. P., sets forth the contacts with Alabama that will afford the basis for an Alabama court to exercise in personam jurisdiction over a nonresident. Although the trial court's judgment contained no findings, the record indicates that the only possible basis for the trial court's exercise of personal jurisdiction over the husband would be Rule 4.2(a)(2)(I), which allows jurisdiction over a person who has sufficient "minimum contacts" with Alabama to subject the person to a lawsuit in this state. Rule 4.2(a)(2)(I), Ala. R. Civ. P.; Sena v. Sena, 709 So.2d 48, 50 (Ala.Civ.App.1998). That subsection is generally considered a catchall provision for establishing in personam jurisdiction. Corcoran v. Corcoran, 353 So.2d 805, 809 (Ala.Civ.App.1978). Two criteria essential for a party to establish personal jurisdiction over a defendant through the "minimum-contacts" provision of Rule 4.2(a)(2)(I) are (1) that the maintenance of the action must not offend the "`traditional notions of fair play and substantial justice,'" International Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945) (quoting Milliken v. Meyer, 311 U.S. 457, 463, 61 S.Ct. 339, 85 L.Ed. 278 (1940)), and (2) that the "`quality and nature'" of the defendant's activities in this state must have been such that it is "`reasonable'" and "`fair'" to require him to defend here. Kulko v. Superior Court of California, 436 U.S. 84, 92, 98 S.Ct. 1690, 56 L.Ed.2d 132 (1978) (quoting International Shoe, 326 U.S. at 316-17, 319, 66 S.Ct. 154).
It is well settled that the wife's unilateral activity in moving to Alabama cannot satisfy the requirement that the husband have "minimum contacts" with Alabama sufficient to subject him to a lawsuit in this state. Sena v. Sena, 709 So.2d 48, 50 (quoting Lightell v. Lightell, 394 So.2d 41 (Ala.Civ.App.1981)). It is essential in each case that there be some act by which the nonresident "purposely avails [himself] of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." Hanson v. Denckla, 357 U.S. 235, 253, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958). In the instant case, the record contains no evidence of any contacts the husband has *375 with Alabama that would make it "reasonable and fair" to require him to defend the wife's claims in this State.
The husband was never a resident of the State of Alabama. The parties did not reside in Alabama while they were married. There is no evidence indicating that the husband conducted or transacted any business in Alabama. The husband was not served in Alabama. The only contact the husband has had with Alabama was a two-day visit to Huntsville, Alabama, during which the parties were married, and occasional visits with the children after the parties separated. The wife relies heavily on the husband's occasional visits to Alabama to visit the children in support of her contention on appeal that the husband has had sufficient minimum contacts to establish in personam jurisdiction. However, we note that this court has held that isolated visits are not sufficient to meet the "minimum-contacts" test for personal jurisdiction over a nonresident parent. See Sena v. Sena, supra. The husband's purposeful contacts, and not where his children reside, should determine jurisdiction. Sena v. Sena, supra.
It is important to note that Alabama has adopted the Uniform Interstate Family Support Act ("UIFSA"). Section 30-3A-201, Ala.Code 1975, establishes the basis for personal jurisdiction over a nonresident in an action pertaining to orders of support. It provides:
"In a proceeding to establish, enforce, or modify a support order or to determine parentage, a court of this state may exercise personal jurisdiction over a nonresident individual or the individual's guardian or conservator if:
"(1) the individual is personally served with summons and complaint within this state;
"(2) the individual submits to the jurisdiction of this state by consent, be entering a general appearance, or by filing a responsive document having the effect of waiving any contest to personal jurisdiction;
"(3) the individual resided with the child in this state;
"(4) the individual resided in this state and provided prenatal expenses or support for the child;
"(5) the child resides in this state as a result of the acts or directives of the individual;
"(6) the individual is engaged in sexual intercourse in this state and the child may have been conceived by that act of intercourse;
"(7) the individual asserted parentage in the putative father registry as provided in Section 26-10C-1, which is maintained in this state by the Department of Human Resources; or
"(8) there is any other basis consistent with the constitutions of this state and the United States for the exercise of personal jurisdiction."
While the UIFSA provides a number of methods to establish personal jurisdiction over a nonresident, the evidence before us reveals that the husband does not fit within any of the eight criteria by which the trial court could obtain personal jurisdiction over him under UIFSA.
It is clear from the evidence before us in the record on appeal that the husband did not have the requisite contacts with Alabama pursuant to Rule 4.2(a)(2)(I), Ala. R. Civ. P., for the trial court to exercise in personam jurisdiction over him. Given the husband's scant contacts with this State, we find that the trial court erred by denying the husband's motion to dismiss, thus requiring the husband to defend the wife's claims in this State. Accordingly, the petition is granted, and the trial court is directed *376 to grant the husband's motion to dismiss.
PETITION GRANTED; WRIT ISSUED.
CRAWLEY and PITTMAN, JJ., concur.
YATES, P.J., concurs specially.
MURDOCK, J., dissents.
YATES, Presiding Judge, concurring specially.
I agree with the majority that the father's contacts with Alabama were insufficient to sustain the trial court's assertion of personal jurisdiction over the father. I write specially to note that the wife, in filing her petition for divorce, sought custody of the children and an award of child support. Alabama adopted a version of the Uniform Child Custody Jurisdiction and Enforcement Act ("UCCJEA") in 2000. See § 30-3B-101, Ala.Code 1975. The UCCJEA sets out the criteria for deciding which state has authority to determine custody initially and to modify a prior determination. The Uniform Interstate Family Support Act ("UIFSA") controls child support and the Alabama Legislature adopted a version of the Act in 1997; it is set out at § 30-3A-101, et seq.
Under the UCCJEA, it is not necessary for a court to obtain personal jurisdiction over both parents in order for the court to issue a valid child-custody order. In an initial proceeding, the state where a parent and the child have lived for the six months preceding the filing of the initial custody action may address custody even if the other parent lacks minimum contacts with the state. "Home state jurisdiction" under the UCCJEA considers child custody as a status determination not requiring minimum contacts over the defendant. See Official Comment to § 30-3B-102. Similarly, a spouse can obtain a binding divorce wherever that spouse is domiciled without the other spouse's being present because
"each state as a sovereign has a rightful and legitimate concern in the marital status of persons domiciled within its borders.... Thus it is plain that each state, by virtue of its command over its domiciliaries and its large interest in the institution of marriage, can alter within its own borders the marriage status of the spouse domiciled there, even though the other spouse is absent."
Williams v. North Carolina, 317 U.S. 287, 298-99, 63 S.Ct. 207, 87 L.Ed. 279 (1942). In Shaffer v. Heitner, 433 U.S. 186, 208 n. 30, 97 S.Ct. 2569, 53 L.Ed.2d 683 (1977), the United States Supreme Court recognized status determinations as an exception to the minimum contacts requirement of International Shoe Co. v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). However, Alabama did not adopt home-state jurisdiction with regard to personal jurisdiction. Alabama Comment to § 30-3B-201 (Alabama continues its longstanding practice of requiring personal jurisdiction over the defendant/parent in a child-custody determination).
A defendant/parent's obligation to pay child support requires that the defendant have minimum contacts with the forum state. Kulko v. Superior Court of California, 436 U.S. 84, 98 S.Ct. 1690, 56 L.Ed.2d 132 (1978). Both the UIFSA and Alabama's version of that uniform law require personal jurisdiction over the obligor/parent before a binding child-support order can be entered.
The conflict in the UCCJEA and the UIFSA's personal jurisdiction sections have resulted in separate trials of support and custody issues in different states. See In re Marriage of Abu-Dalbouh, 547 N.W.2d 700 (Minn.App.1996). Alabama has avoided this by requiring personal jurisdiction over the defendant/parent in any *377 event. However, focusing solely on minimum contacts in the context of the parentchild relationship seems to ignore the fundamental nature of that relationship.
"The connection to one's child is not transactional in nature. It is not defined by the terms of an agreement or rules of liability, and it does not exist in relation to a particular state. Rather, that connection and the obligations arising from it are personal and enduring and cannot be avoided by crossing a state line."
Rosemarie T. Ring, Personal Jurisdiction and Child Support: Establishing the Parent-Child Relationship as Minimum Contacts, 89 Cal. L.Rev. 1125, 1163 (July 2001)(recognizing that Kulko would have to be overruled in order to obligate a defendant/parent to pay child support in a state where there were insufficient minimum contacts); see also Carol S. Bruch, Statutory Reform of Constitutional Doctrine: Fitting International Shoe to Family Law, 28 U.C. Davis L.Rev. 1047 (1995); and David J. Benson, Can a Case Be Made for the Use of the Uniform Child Custody Jurisdiction Act in Child Support Determinations?, 26 Gonz. L.Rev. 125 (1990-1991).
NOTES
[1] It is unclear from the record how many times the husband has visited the children in Alabama.