DONALDSON, Judge.
Matthew Kyle Logarides ("the husband") petitions this court for a writ of mandamus directing the Coffee Circuit Court ("the trial court") to vacate its order denying his motion to dismiss a case filed against him by Adena Louise Logarides ("the wife") and its order requiring him to pay temporary child support and one-half of the children's medical expenses and to enter a judgment dismissing the case. The husband argues that the trial court lacks personal jurisdiction over him and that, therefore, it could not order him to pay temporary child support and medical expenses. In response, the wife asserts that the husband has minimum contacts with Alabama and, therefore, the trial court can properly exercise personal jurisdiction over the husband. For the reasons set forth below, we deny the husband's petition.
Facts and Procedural History
The materials before us show that on September 13, 2016, the wife filed a complaint in the trial court against the husband seeking a divorce and custody of the parties' children, M.L. and K.L. ("the children"). Along with her complaint, the wife filed a motion requesting temporary relief with a supporting affidavit. The wife asserted that she and the children had been residents of Alabama for more than six months, that the husband was a resident of Virginia, that the husband had been physically abusive, that she and the children had been estranged from the husband since December 2013, and that, on August 26, 2016, the husband had abducted the children and refused to return them from Virginia.
On October 11, 2016, without the aid of counsel, the husband filed an answer to the wife's complaint. To his answer, the husband attached an unsigned, handwritten document in which he asserted that the wife and the children had not lived in Alabama for six months preceding the filing of the complaint and that the complaint should be dismissed for lack of jurisdiction. The husband also asserted that he had filed a custody petition in Virginia on September 8, 2016.[1]
On November 7, 2016, through counsel, the husband filed an amended answer with an attached affidavit in which he asserted, among other things, that the trial court lacked personal jurisdiction over the husband because he is a resident of Virginia and that the trial court lacked personal jurisdiction over the wife and children because they are residents of Georgia.[2] The husband also filed a motion to dismiss *887 based on his assertion that the trial court lacked personal jurisdiction over him. On November 23, 2016, the wife filed a response to the husband's motion to dismiss, with supporting documentation, in which she asserted that the husband has sufficient minimum contacts with Alabama for personal jurisdiction to attach and that she and the children had been residents of Alabama for more than six months preceding the filing of the divorce complaint.
On January 9, 2017, the trial court entered an order in which it denied the husband's motion to dismiss, ordered the husband to respond to the wife's complaint, and ordered the husband to file a form CS-41 child-support affidavit. On February 9, 2017, the trial court entered an order requiring the husband to pay $600 per month in temporary child support and to pay one-half of the children's medical expenses not covered by insurance.
On February 17, 2017, the husband filed a petition for the writ of mandamus with this court. On March 2, 2017, the wife filed with this court a "Verified Suggestion on the Record of ARPC Rule 1.9 Conflict of Interest Between Plaintiff-Respondent and Counsel for Defendant-Petitioner," in which she asserted that she had consulted with the husband's counsel twice before retaining her current counsel. There is no indication that the wife filed a motion to disqualify the husband's counsel in the trial court, and the wife did not ask this court to disqualify the husband's counsel. This court issued an order for the husband's counsel to respond, if counsel desired, to the wife's filing of the suggestion of a conflict within seven days. The husband's counsel did not file a response. On March 8, 2017, the wife filed a verified answer to the mandamus petition in which she argued that the husband's petition should be denied.
Discussion
The primary issue asserted by the husband in support of his petition is that the trial court lacks personal jurisdiction over him and, therefore, could not order him to pay temporary child support or medical expenses. The husband asserts that the "facts demonstrate [his] lack of any contacts with the State of Alabama." Although the husband concedes that the trial court can enter an order divorcing the parties, he asserts that the trial court committed error in denying his motion to dismiss.
"The denial of a motion to dismiss for lack of jurisdiction is reviewable upon a timely filed petition for a writ of mandamus. Ex parte Flint Constr. Co., 775 So.2d 805, 808 (Ala. 2000) ; Drummond Co. v. Alabama Dep't of Transp., 937 So.2d 56, 57 (Ala. 2006). With regard to an appellate court's consideration of a petition for a writ of mandamus, our supreme court has stated:
" 'This Court has consistently held that the writ of mandamus is an extraordinary and drastic writ and that a party seeking such a writ must meet certain criteria. We will issue the writ of mandamus only when (1) the petitioner has a clear legal right to the relief sought; (2) the respondent has an imperative duty to perform and has refused to do so; (3) the petitioner has no other adequate remedy; and (4) this Court's jurisdiction is properly invoked. Ex parte Mercury Fin. Corp., 715 So.2d 196, 198 (Ala. 1997). Because mandamus is an extraordinary remedy, the standard by which this Court reviews a petition for the writ of mandamus is to determine whether the trial court has clearly abused its discretion. See Ex parte Rudolph, 515 So.2d 704, 706 (Ala. 1987).'
*888 " Ex parte Flint Constr. Co., 775 So.2d at 808."
Ex parte Diefenbach, 64 So.3d 1091, 1093 (Ala. Civ. App. 2010).
The husband argues that the trial court cannot obtain personal jurisdiction over him through Alabama's long-arm rule, Rule 4.2(b), Ala. R. Civ. P., because, he asserts, he does not have sufficient minimum contacts with the State of Alabama. As we have previously explained,
" ' " '[i]n considering a Rule 12(b)(2), Ala. R. Civ. P., motion to dismiss for want of personal jurisdiction, a court must consider as true the allegations of the plaintiff's complaint not controverted by the defendant's affidavits, Robinson v. Giarmarco & Bill, P.C., 74 F.3d 253 (11th Cir. 1996), and Cable/Home Communication Corp. v. Network Productions, Inc., 902 F.2d 829 (11th Cir. 1990), and "where the plaintiff's complaint and the defendant's affidavits conflict, the ... court must construe all reasonable inferences in favor of the plaintiff." Robinson, 74 F.3d at 255 (quoting Madara v. Hall, 916 F.2d 1510, 1514 (11th Cir. 1990) ). "For purposes of this appeal [on the issue of in personam jurisdiction] the facts as alleged by the ... plaintiff will be considered in a light most favorable to him [or her]." Duke v. Young, 496 So.2d 37, 38 (Ala. 1986).'
" ' " Ex parte McInnis, 820 So.2d [795] at 798 [ (Ala. 2001) ]." ' "
Ex parte Diefenbach, 64 So.3d at 1093-94 (quoting Ex parte Barton, 976 So.2d 438, 442-43 (Ala. 2007), quoting in turn Ex parte Puccio, 923 So.2d 1069, 1072 (Ala. 2005) ).
Pursuant to Rule 4.2(b), Ala. R. Civ. P., a trial court can exercise personal jurisdiction over a person "in any action in this state when the person ... has such contacts with this state that the prosecution of the action against the person ... in this state is not inconsistent with the constitution of this state or the Constitution of the United States." The husband submitted an affidavit to the trial court in which he stated that he is a resident of Virginia and that he has no "meaningful contact" with the State of Alabama.
As the plaintiff in the trial court, the wife had the burden of demonstrating that the trial court had personal jurisdiction over the husband. See Ex parte Diefenbach, 64 So.3d at 1098. In response to the husband's motion to dismiss, the wife submitted documentary evidence and an affidavit in which she testified that she and the husband were married in Alabama, that she lived in Alabama following the marriage while the husband was stationed in Germany, and that their children were born in Alabama. The wife submitted copies of the parties' 2012 joint federal tax return that listed the parties' address as being in Enterprise, Alabama. The wife also submitted banking documents that indicate that the husband opened bank accounts with two financial institutions located in Alabama and that he listed his address as being in Enterprise on those documents.[3] Considering the evidence submitted by the wife in a light most favorable to her as the plaintiff, the trial court could have concluded that it had personal jurisdiction over the wife and children.
In his petition, the husband asserts that Burke v. Burke, 816 So.2d 498 (Ala. Civ. App. 2001), is "directly on point" in support of his position. The issue in Burke was whether the trial court had personal jurisdiction over the wife in that *889 case so as to enable it to enter a divorce judgment and divide the parties' marital property; Burke did not involve an order of temporary child support. Id. at 501. The wife in Burke submitted an affidavit in which she stated that she had not transacted business, visited, or lived in Alabama. Id. We held that the trial court could enter a judgment divorcing the parties but could not divide the marital property because it lacked personal jurisdiction over the wife in that case. Id. Here, although the husband asserted that he had "no contacts" with the State of Alabama, the wife introduced undisputed evidence indicating that the parties were married in Alabama, that the wife had lived in Alabama while the parties were married and the husband was stationed overseas, that the children were born in Alabama, and that the husband had opened bank accounts in Alabama. That evidence was sufficient for the trial court to find that it had personal jurisdiction over the husband. See, e.g., Ex parte Alamo Title Co., 128 So.3d 700, 710 (Ala. 2013) ("A defendant is constitutionally amenable to a forum's specific jurisdiction if it possesses sufficient minimum contacts with the forum to satisfy due-process requirements and if the forum's exercise of jurisdiction comports with ' "traditional notions of fair play and substantial justice." ' (quoting International Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945), quoting in turn Milliken v. Meyer, 311 U.S. 457, 463, 61 S.Ct. 339, 85 L.Ed. 278 (1940) ).
Because the materials before us do not establish that the husband has a clear legal right to relief with regard to his argument that the trial court lacked personal jurisdiction over him, the petition for a writ of mandamus is denied. See Ex parte Diefenbach, 64 So.3d at 1093-94.
PETITION DENIED.
Thompson, P.J., and Pittman, J., concur.
Moore, J., concurs in the result, with writing, which Thomas, J., joins.
MOORE, Judge, concurring in the result.
I concur in the result reached by the main opinion based on Butler v. Butler, 641 So.2d 272, 273 (Ala. Civ. App. 1993) ("If one party is a resident of Alabama, then an Alabama court has jurisdiction over the marital res."), and Ala. Code 1975, § 30-3D-201(a)(3), (6), and (7).
Thomas, J., concurs.

According to the wife's verified answer to the mandamus petition, the Virginia court dismissed the husband's custody petition after determining that Alabama was the children's home state under the Uniform Child Custody Jurisdiction and Enforcement Act.

Although the wife does not assert that the husband waived his personal-jurisdiction argument by failing to raise it in his first pleading, we note that the husband properly amended his answer without objection. See Ex parte Mundi, 161 So.3d 241, 244 (Ala. Civ. App. 2014) (holding that wife in that case did not waive objection to improper venue because she properly amended her answer pursuant to Rule 15(a), Ala. R. Civ. P.); and Minkoff v. Abrams, 539 So.2d 306 (Ala. Civ. App. 1988). See also Rule 12(h)(1), Ala. R. Civ. P.

It is not clear whether the wife provided the banking documents to the trial court; however, the husband has not moved this court to strike those documents.